**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William L. RUE, Jr., Defendant–Appellant.**

**No. 92–3300.**

United States Court of Appeals, Tenth Circuit.

March 9, 1993.

KS, Asst. Federal Public Defender, on the brief, for defendant-appellant.

Before LOGAN, MOORE, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Rue appeals his sentence asserting the district court erred when it applied United States Sentencing Commission, *Guidelines Manual*, § 2A2.2 (Nov. 1991) (hereinafter U.S.S.G. § 2A2.2)—Aggravated Assault, instead of U.S.S.G. § 2A2.4—Obstructing or Impeding Officers (1991). We affirm.

The basic facts are essentially uncontested. Mr. Rue was a federal inmate serving his sentence of imprisonment in a federal prison. A prison guard saw Mr. Rue holding a homemade hypodermic syringe. The guard attempted to take the syringe away from Mr. Rue and Mr. Rue resisted, stabbing the guard three times with the syringe. Another guard then attempted to help and Mr. Rue struck him in the face. After Mr. Rue was subdued the prison guards recovered the syringe and approximately five grams of an illegal narcotic drug, amphetamine.

A grand jury indicted Mr. Rue on three counts: assaulting a federal officer with a dangerous weapon and two counts of possession of a prohibited object, i.e., the syringe and the narcotic drug. Mr. Rue subsequently entered a guilty plea to forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with an officer of a federal penal or correctional institution in violation of 18 U.S.C. § 111 (1988). The remaining charges were dismissed pursuant to a plea agreement.

A presentence report was prepared utilizing U.S.S.G. § 2A2.2—Aggravated Assault. This section provides for a base offense level of 15. Mr. Rue objected and asserted U.S.S.G. § 2A2.4—Obstructing or Impeding Officers, which provides for a base offense level of 6, should have been em-

Submitted on the Briefs:[1]

Lee Thompson, Wichita, KS, U.S. Atty., and Thomas G. Luedke, Topeka, KS, Asst. U.S. Atty., on the brief, for plaintiff-appellee.

Charles D. Anderson, Federal Public Defender, and Marilyn M. Trubey, Topeka,

---

1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

ployed. The sentencing court overruled Mr. Rue's objection. It is this ruling which Mr. Rue appeals.

Chapter Two of the Sentencing Guidelines pertains to the conduct of the defendant in committing the offense. Section 2A2.2 specifically encompasses a violation of 18 U.S.C. § 111, which is the offense to which Mr. Rue pled guilty. Section 2A2.2 applies to aggravated assault and application note 1 defines "Aggravated assault" as: "a felonious assault that involved (a) a dangerous weapon with intent to do bodily harm (*i.e.*, not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony." The plain language of this definition requires § 2A2.2 be applied if any of the three described situations exist.

Section 2A2.4—Obstructing or Impeding Officers also specifically involves a violation of 18 U.S.C. § 111. While the terms "obstructing" and "impeding" are not defined in the Guidelines, the base offense level of six is increased by three levels "[i]f the [defendant's] conduct involved physical contact, or if a dangerous weapon ... was possessed and its use was threatened."

■ There exists no conflict or tension between U.S.S.G. §§ 2A2.2 and 2A2.4. Section 2A2.4 is applicable if the defendant merely obstructs or impedes an officer. If there was physical contact or if the use of a dangerous weapon was threatened while obstructing or impeding an officer, then the base offense level is increased from six to nine under § 2A2.4. In contrast, § 2A2.2 should be utilized if a dangerous weapon was in fact used with intent to do a bodily harm. This conclusion is bolstered by a cross reference in § 2A2.4(c)(1) which commands: "If the defendant is convicted under 18 U.S.C. § 111 and the conduct constituted aggravated assault, apply § 2A2.2 (Aggravated Assault)." To determine whether § 2A2.2 or § 2A2.4 applies, the sentencing court must examine the defendant's underlying conduct. *United States v. Padilla*, 961 F.2d 322, 326 (2d Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 138, 121 L.Ed.2d 91 (1992). If the conduct involves obstructing or impeding an officer then

§ 2A2.4 is applicable unless the conduct also constitutes an "aggravated assault" in which event the cross reference instructs the sentencing court to employ § 2A2.2. The requirements of an aggravated assault are satisfied if any of the three conditions specified in application note 1 of § 2A2.2 are present.

■ Under the sentencing guidelines, we " 'accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.' " *United States v. Talamante*, 981 F.2d 1153, 1157 (10th Cir.1992) (quoting 18 U.S.C. § 3742(e)). An examination of Mr. Rue's conduct reveals he possessed a hypodermic syringe and he employed this as a weapon, stabbing the guard three times with this syringe. Mr. Rue stabbed the guard with the intent to stop the guard from taking the hypodermic syringe away. A hypodermic syringe is a dangerous weapon. The facts of this case support no other conclusion than Mr. Rue committed a felonious assault upon the guard with a dangerous weapon and with the intent to do bodily harm.

Mr. Rue argues that the offense to which he pled guilty is merely an assault, not aggravated assault, and U.S.S.G. § 1B1.2(a) requires the sentencing court to apply the Guidelines section "most applicable to the offense of conviction." The flaw in this argument is the Guidelines themselves. The first step in the application of the Sentencing Guidelines is to locate the offense of conviction. For convictions under 18 U.S.C. § 111 the index refers the sentencing court to both § 2A2.2 and § 2A2.4. *Padilla*, 961 F.2d at 325–26. The sentencing court chose to apply § 2A2.2 on the ground that Mr. Padilla's conduct was consistent with an aggravated assault. The Guidelines clearly and explicitly require this result.

Mr. Rue contends that the court applied § 2A2.2 because it concluded that a felonious assault was committed with the "intent to commit another felony." Since the other felony was possession of contraband and those counts were dismissed, Mr. Rue as-

serts there is no support for the court's conclusion. This claim is without merit.

It is unclear from the record whether the district court based its finding of "aggravated assault" on "intent to do bodily harm" or "intent to commit another felony." U.S.S.G. § 2A2.2, comment. (n. 1). As discussed previously, the evidence clearly supports a finding of assault with "intent to do bodily harm." The evidence also supports a finding of assault "with intent to commit another felony." The fact that Mr. Rue possessed the syringe and amphetamine in violation of 18 U.S.C. § 1791(a)(2) (1988) is uncontroverted and the government did not violate its plea agreement with Mr. Rue by introducing such evidence.[2]

Mr. Rue's final contention is that the sentencing court misapplied U.S.S.G. § 3A1.2. We disagree. In computing the base offense level, the sentencing court applied a three point adjustment for official victim status. Section 3A1.2 requires a three level increase if the victim was a corrections officer. Mr. Rue argues that § 2A2.4 already incorporates this factor. Since we hold the appropriate guideline to be § 2A2.2 and not § 2A2.4, the victim status adjustment required by § 3A1.2 is appropriate.

The judgment and sentence of the district court is AFFIRMED.

---

**2.** The plea agreement dismissed counts 2 and 3 concerning the contraband in exchange for a guilty plea as to the assault, 18 U.S.C. § 111. Nothing in the plea agreement can be construed as prohibiting the government from informing the sentencing court of relevant conduct concerning the contraband. *United States v. Jimenez*, 928 F.2d 356, 363 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 164, 116 L.Ed.2d 129 (1991).