68 F.3d 484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Titus WEBSTER, Defendant-Appellant.
 No. 94-3186.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1995.
 
 ORDER AND JUDGMENT[1]
 Before EBEL, Circuit Judge, BRIGHT, Senior Circuit Judge,[2] and McWILLIAMS, Senior Circuit Judge.
 
 
 1
 This case was originally set for oral argument on March 7, 1995. However, prior to oral argument the government filed a motion to waive oral argument and to submit the case on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. In connection with that motion, we were advised that counsel for the defendant-appellant had no objection to such motion. After examining the briefs and appellate record, this panel determined that oral argument would not materially assist the decisional process. Accordingly, the motion was granted and the case was ordered to be submitted on the briefs and without oral argument.
 
 
 2
 This case has its roots in a prison riot at the United States Penitentiary at Leavenworth, Kansas. For his part therein, Titus Webster was charged in a three-count indictment as follows: In count one he was charged with killing one Winford Brown with premeditation and malice and with a "sharpened instrument" on July 5, 1992, at the United States Penitentiary at Leavenworth, Kansas, in violation of 18 U.S.C. 7(3) and 1111. In count two Webster was charged with unlawfully assaulting, and resisting, with a deadly or dangerous weapon, Robert T. McFadden, an employee of the United States Penitentiary at Leavenworth, Kansas, on July 5, 1992, while he was engaged in his official duties, in violation of 18 U.S.C. 111(a)(1), (b) and 1114. And in count three he was charged with unlawfully possessing on July 5, 1992, a prohibited object, namely, "a sharpened instrument made of plastic or plexiglass, approximately 12 inches in length, intended to be used as a weapon," while an inmate at the United States Penitentiary at Leavenworth, Kansas, in violation of 18 U.S.C. 1791(a)(2), (d)(1)(B), and (b)(3).
 
 
 3
 A jury acquitted Webster on count one, but convicted him on counts two and three. Webster was sentenced under the Sentencing Guidelines to imprisonment for 96 months on count two and 60 months on count three, to be served concurrently with each other, but consecutively to the term of imprisonment he was then serving.[3]
 
 
 4
 On appeal, counsel asserts two grounds for reversal: (1) the district court erred in refusing to instruct the jury on the so-called lesser included offense of "simple assault"; and (2) at sentencing, the district court erred in finding Webster's initial base offense level under Sentencing Guidelines 2A2.2 instead of Sentencing Guidelines 2A2.4. We find no error and affirm.
 
 I. Simple Assault
 
 5
 As indicated, in count two Webster was charged with a violation of 18 U.S.C. 111(a)(1), (b) and 1114.[4] Section 111 reads as follows:
 
 
 6
 111. Assaulting, resisting, or impeding certain officers or employees
 
 
 7
 (a) In general.--Whoever--
 
 
 8
 (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
 
 
 9
 (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service, shall where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.
 
 
 10
 (b) Enhanced penalty.--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon or inflicts bodily injury, shall be fined under this title or imprisoned not more than ten years, or both.
 
 
 11
 As concerns the essential elements in count two, the jury was instructed by the district court as follows:
 
 
 12
 The prosecution must prove four essential elements beyond a reasonable doubt in order to establish the offense charged in Count 2 of the Indictment.
 
 
 13
 FIRST: That the defendant, Titus Webster, did knowingly and forcibly assault, resist, impede, oppose, intimidate, or interfere with Robert T. McFadden with a deadly or dangerous weapon;
 
 
 14
 SECOND: That Robert T. McFadden was an employee of the United States as designated in Section 1114 of Title 18, United States Code;
 
 
 15
 THIRD: That Robert T. McFadden was engaged in the performance of his official duties at that time; and
 
 
 16
 FOURTH: That the defendant acted willfully when he committed the prohibited act.
 
 
 17
 You are reminded that the burden is always on the prosecution to prove beyond a reasonable doubt every essential element of the crime charged. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. (emphasis added).
 
 
 18
 Defense counsel asked that the jury be instructed on the lesser included offense of simple assault. The district court declined to so instruct, and, on appeal, counsel argues that such constitutes reversible error.
 
 
 19
 On appeal, counsel for the United States suggests that the "use" of a deadly or dangerous weapon is not really an essential element under 18 U.S.C. 111, but only a "sentence enhancer." We need not here address that matter since, as above indicated, the district court, apparently without objection, instructed the jury that under 18 U.S.C. 111 the prosecution must prove, inter alia, beyond a reasonable doubt, that Webster assaulted and resisted Officer McFadden "with a deadly or dangerous weapon."
 
 
 20
 In Fitzgerald v. United States, 719 F.2d 1069, 1071 (10th Cir.1983), we stated that a defendant in a criminal case is entitled to an instruction on a so-called "lesser included" offense if the following matters are satisfied:
 
 
 21
 1. A proper request.
 
 
 22
 2. The lesser included offense consists of some, but not all, of the elements of the offense charged.
 
 
 23
 3. The element differentiating the two offenses is a matter in dispute.
 
 
 24
 4. A jury could rationally convict the defendant of the lesser offense and acquit of the greater offense.
 
 
 25
 Our study of the trial transcript convinces us that although the first two requirements of Fitzgerald were met, the latter two were not. In his brief, counsel for appellant concedes that Webster had in his possession a deadly and dangerous weapon, but suggests that Webster really did not use the weapon, or have any intent to use it. Webster elected not to testify, at trial, and certainly the government's evidence showed that Webster did, in fact, assault and resist McFadden "with a deadly or dangerous weapon."[5] Further, under the fourth test in Fitzgerald our study of the record also indicates that the jury could not "rationally convict" Webster of the lesser offense and acquit him of the greater offense. This was a full-fledged prison riot and Webster was a central figure.
 
 II. Base Offense Level
 
 26
 Counsel asserts that the district court erred in applying S.G. 2A2.2 rather than S.G. 2A2.4 in determining Webster's base offense level, noting that 2A2.4 carries an initial base offense level of 6, whereas 2A2.2 has an initial base offense level of 15. Specifically, 2A2.4 reads as follow:
 
 2A2.4. Obstructing or Impeding Officers
 
 27
 (a) Base Offense Level: 6
 
 
 28
 (b) Specific Offense Characteristic
 
 
 29
 (1) If the conduct involved physical contact, or if a dangerous weapon (including a firearm) was possessed and its use was threatened, increase by 3 levels.
 
 
 30
 (c) Cross Reference
 
 
 31
 (1) If the conduct constituted aggravated assault, apply 2A2.2 (Aggravated Assault). (emphasis added).
 
 
 32
 Under 2A2.4 (c)(1), if Webster's conduct constituted "aggravated assault," a sentencing judge should apply 2A2.2. Section 2A2.2, note 1, defines an "aggravated assault" as follows:
 
 
 33
 "Aggravated assault" means a felonious assault that involved (a) a dangerous weapon with intent to do bodily harm ( i.e., not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony.
 
 
 34
 It would appear that in possessing the plexiglass shank, Webster was in violation of 18 U.S.C. 1791(a)(2), thus meeting the requirement of subsection (c) of Note 1. In this connection, the instant case is quite similar to United States v. Rue, 988 F.2d 94 (10th Cir.1993).
 
 
 35
 Judgment affirmed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [3]
 Webster's guideline range was imprisonment for 77 to 96 months
 
 
 [4]
 We are not here concerned with 1114. It is conceded that Robert T. McFadden was an employee at the United States Penitentiary and that he was engaged in official duties at the time of the alleged assault
 
 
 [5]
 McFadden testified, inter alia, that when he confronted Webster, the latter waved a homemade knife at him and "told me I didn't want any part of this." McFadden and other officers then chased Webster and caught him, and, after a struggle, subdued him, removed the weapon from Webster's hand and cuffed him. A fellow officer corroborated McFadden's testimony