**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**JAN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ROBERT EARL WRICE,

     Defendant-Appellant.

No. 96-6035
(D.C. No. CR-95-132-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

The sole issue presented by this direct criminal appeal is defendant's challenge to the trial court's factual finding that defendant discharged a gun with the intention of doing bodily harm to a federal officer.[1] Defendant challenges the sentence he received following his conviction for forcibly assaulting, resisting, opposing, impeding, intimidating and interfering with a federal officer engaged in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

official duties. See 18 U.S.C. § 111. Specifically, he challenges the sentencing court's application of the aggravated assault sentencing guideline, USSG § 2A2.2, rather than the guideline for obstructing or impeding an officer, id., § 2A2.4, to calculate defendant's sentence.

We review the district court's factual findings only for clear error, and defer to the district court's application of the guidelines to those facts. United States v. Rue, 988 F.2d 94, 96 (10th Cir. 1993); see also United States v. Burdex, 100 F.3d 882, 884 (10th Cir. 1996) (reviewing application of sentencing guidelines to facts only for clear error). The sentencing court applied the aggravated assault guideline, after finding that defendant discharged a gun while pointing it in the direction of a federal agent. See Rue, 988 F.2d at 96 (noting application note 1 to § 2A2.2 defines aggravated assault to include a felonious assault involving a dangerous weapon with the intent to do bodily harm). The record fully supports this finding and the corresponding inference that defendant fired his weapon with the intent to do bodily harm to the federal officer. The district court's application of § 2A2.2, therefore, was not error.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

ENTERED FOR THE COURT

Carlos F. Lucero

-2-

Circuit Judge