F I L E D
United States Court of Appeals
Tenth Circuit

NOV 27 2001

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 01-3209

DAVID ALLEN SHERWIN,

Defendant-Appellant.

**Appeal from United States District Court
for the District of Kansas
(D.C. No. 00-CR-40091-RDR)**

Ronald E. Wurtz, Assistant Federal Public Defender, (David J. Phillips, Federal Public Defender, with him on the brief), Topeka, Kansas, for the appellant.

Matthew V. Rusch, Special Assistant United States Attorney, Fort Riley, Kansas (James E. Flory, United States Attorney, and T.G. Luedke, Assistant United States Attorney, Topeka, Kansas, with him on the brief), for the appellee.

Before **TACHA**, Chief Judge, **PORFILIO** and **BRISCOE**, Circuit Judges.

**BRISCOE**, Circuit Judge

Defendant David Allen Sherwin appeals his sentence for assaulting a military

police officer, in violation of 18 U.S.C. §§ 111(a)(1) and 1114.  We exercise jurisdiction

pursuant to 28 U.S.C. § 1291 and affirm.

I.

On October 26, 2000, military police officers Thomas Duckworth and Timothy Wilson were on patrol at the Fort Riley Military Installation, Fort Riley, Kansas. Duckworth observed a vehicle make an accelerated turn, during which the vehicle's tires smoked and broke traction with the pavement. Duckworth activated the emergency lights and siren on his vehicle. Duckworth then observed the suspect vehicle accelerate and pass another vehicle in a no-passing zone. Duckworth and Wilson lost sight of the suspect vehicle and called for assistance from other officers.

A high-speed chase ensued involving military police units and at least one patrol unit from the Riley County, Kansas Police Department. During the chase, the suspect vehicle collided on two occasions with a patrol car driven by military police officer Joshua Beamer and his partner Kenneth Lanaux. Although Beamer and Lanaux escaped serious injury, their patrol car suffered significant damage, forcing them to abandon pursuit of the suspect vehicle. The suspect vehicle was eventually stopped by Riley County Police Officer Kevin Baker on Kansas Highway 18 between the towns of Ogden and Manhattan, Kansas.

Defendant David Sherwin, the driver of the suspect vehicle, was arrested, handcuffed, and placed in the front passenger seat of Baker's patrol car. Military police officers Duckworth and Wilson arrived at the scene to identify Sherwin and his vehicle.

2

Wilson walked to the front passenger side of Baker's patrol car and stood approximately one to two feet away from the front partially-open passenger door. Upon seeing Wilson, Sherwin became enraged and began yelling and cursing at Wilson. Sherwin then raised his feet up and kicked the front passenger door into the lower half of Wilson's body, striking Wilson's knee-caps, upper legs, and waist. After striking Wilson with the door, Sherwin threatened to kill Wilson and demanded that Baker release him so he could carry out his threat. Sherwin was restrained and transported to the Riley County Jail, where he refused to perform field sobriety tests or allow his blood alcohol level to be tested. Police records revealed that Sherwin's driver's license had been revoked due to his conviction as a habitual violator under Kansas traffic laws.

Sherwin was charged the next day in federal district court with one count of assaulting federal officers, in violation of 18 U.S.C. §§ 111(a)(1), 111(b) and 1114. Specifically, the information charged:

> On or about the 26th day of October, 2000, in the District of Kansas within the special maritime and territorial jurisdiction of the United States, namely Fort Riley Military Reservation, the defendant, DAVID ALLEN SHERWIN, did knowingly and forcibly and by means of a dangerous weapon, to wit: a motor vehicle, assault, resist, oppose, impede, intimidate, and interfere with Kenneth Lanaux, III and Joshua Beamer, Military Policemen, while they were engaged in, or on account of their official duties.

ROA I, Doc. 1. On November 1, 2000, Sherwin was indicted on a single, identical count. On February 14, 2001, a superseding indictment was filed charging Sherwin with three counts: Count 1 remained the same and charged Sherwin with assaulting federal officers

3

(Lanaux and Beamer), in violation of 18 U.S.C. §§ 111(a)(1), 111(b) and 1114; Count 2 charged Sherwin with assaulting a federal officer (Wilson), in violation of 18 U.S.C. §§ 111(a)(1) and 1114; Count 3 charged Sherwin with wilfully injuring federal government property (the patrol car driven by Lanaux and Beamer), in violation of 18 U.S.C. § 1361. Sherwin was acquitted on Counts 1 and 3 of the superseding indictment, but was found guilty on Count 2, and was sentenced to 36 months' imprisonment.

II.

*Applicability of U.S.S.G. § 2A2.2*

Sherwin contends the district court erred in selecting U.S.S.G. § 2A2.2, which establishes a base offense level of 15, as the controlling guideline for purposes of calculating his sentence. Sherwin asserts, as he did in the district court, that the proper controlling guideline is § 2A2.4, which imposes a base offense level of 6. We review de novo whether the offense conduct guideline selected by the district court was proper. See United States v. Roberts, 898 F.2d 1465, 1469 (10th Cir. 1990).

The first step a court must take in calculating a defendant's sentence is to "[d]etermine the offense guideline section . . . applicable to the offense of conviction (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted)." U.S.S.G. § 1B1.2(a). Sherwin was convicted of violating 18 U.S.C. § 111, which makes it illegal to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[]" with federal officers and employees. Given the broad range

4

of conduct criminalized by § 111, the Statutory Index offers two possible offense conduct guidelines for persons convicted under the statute: § 2A2.2 and § 2A2.4.  Section 2A2.2, entitled "Aggravated Assault," encompasses "felonious assault[s] that involved (A) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony."  U.S.S.G. § 2A2.2, cmt. n.1; see United States v. Rue, 988 F.2d 94, 96 (10th Cir. 1993) ("The plain language of this definition requires § 2A2.2 be applied if any of the three described situations exists.").  Section 2A2.4 is entitled "Obstructing or Impeding Officers." Although the section was obviously designed to encompass less severe conduct than § 2A2.2, its precise scope is unclear because "the terms 'obstructing' and 'impeding' are not defined in the Guidelines."[1]  Rue, 988 F.2d at 96.  The section does indicate, however, that it can include situations "involv[ing] physical contact" and where "a dangerous weapon . . . was possessed and its use was threatened."  U.S.S.G. § 2A2.4(b)(1).

The district court concluded that § 2A2.2 was the guideline section most applicable to the offense of conviction in this case.  In reaching this conclusion, the court found, as a matter of historical fact, that Sherwin "was enraged" and "violently kicked the car door to harm Officer Timothy Wilson."  ROA 1, Doc. 76 at 4.  Based upon these

---

[1]  The section appears to encompass most conduct that does not fall within the definition of "aggravated assault."  The only question appears to be whether simple assaults, i.e., those accomplished without the use of a dangerous weapon, should fall within § 2A2.2 or § 2A2.4.

factual findings (which Sherwin has not challenged), the district court concluded the offense of conviction constituted an "aggravated assault" under § 2A2.2 because Sherwin used a dangerous weapon, i.e., the passenger side car door of Officer Baker's patrol car, to assault Officer Wilson with the intent to cause him harm. Id.

Sherwin's sole argument is that the district court erred in characterizing the car door as a "dangerous weapon." According to Sherwin, he "was not even marginally in control of the motor vehicle to which the door was attached." Sherwin Br. at 13. Further, Sherwin argues, the door "could not be picked up [and] swung like a chair, pool cue or beer bottle." Id. Instead, Sherwin argues, "[i]t could only swing a few inches from its position pre-kick." Id.

We reject Sherwin's arguments and conclude the district court was correct in characterizing the car door as a "dangerous weapon" for purposes of § 2A2.2. The term "dangerous weapon," as used in § 2A2.2, is defined as "an instrument capable of inflicting death or serious bodily injury." U.S.S.G. § 2A2.2, cmt. n.2; U.S.S.G. § 1B1.1, cmt. n.1(d). In turn, the word "instrument" is commonly defined as "[t]hat which is used by an agent in or for the performance of an action; a thing with or through which something is done or effected; anything that serves or contributes to the accomplishment of a purpose or end; a means." Oxford English Dictionary (2d ed. 1989) (on-line version, http://dictionary.oed.com; visited on 11/8/2001). Here, the car door was undoubtedly an "instrument" used by Sherwin to physically assault Officer Wilson. More specifically,

6

because Sherwin was restrained by handcuffs and a seat belt in the passenger seat of the patrol car, he was forced to use the car door as a means to accomplish his intended purpose of striking Officer Wilson. Further, it is undoubtedly true that the car door, given its probable weight and size, as well as the "violent" force applied by Sherwin, was capable of inflicting serious bodily injury. See generally United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995) (noting that even "innocuous objects or instruments," such as belts, shoes, staplers, and telephone receivers, "may become capable of inflicting serious injury when put to assaultive use").

Because we agree with the district court that the patrol car door qualifies as a "dangerous weapon," and because it is uncontroverted that Sherwin intended to harm Wilson, we conclude the district court properly utilized § 2A2.2 as the guideline section applicable to the offense of conviction.

*Applicability of § 2A2.2(b)(2)(B)*

Sherwin contends the district court improperly enhanced his base offense level pursuant to § 2A2.2(b)(2)(B) for having "otherwise used" a dangerous weapon during the assault. Sherwin's sole argument, as above, is that the car door did not constitute a "dangerous weapon." For the reasons previously discussed, we reject this argument.[2]

---

[2] Sherwin makes repeated references to the district court's alleged use of § 1B1.3 (the relevant conduct guideline). Although the district court's sentencing memorandum cites to § 1B1.3, see ROA 1, Doc. 76 at 3, the district court did not actually use that

7

*Applicability of U.S.S.G. § 3C1.2*

In his final argument, Sherwin contends the district court erred in applying U.S.S.G. § 3C1.2, which provides for a two-level enhancement of a defendant's base offense level "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." According to Sherwin, § 3C1.2 is inapplicable because his flight from military police occurred prior to the crime of conviction, i.e., his assault on Officer Wilson.

We find it unnecessary to address this argument. The guideline range calculated by the district court (based upon an offense level of 24 and a criminal history category of IV) was 77-96 months. As the guideline range exceeded the 36-month statutory maximum penalty under 18 U.S.C. § 111(a), the district court imposed a 36-month term. Even if we were to agree with Sherwin and conclude the district court improperly applied § 3C1.2, it would result only in Sherwin's offense level dropping to 22 and his guideline range dropping to 63-78 months. This reduction in the guideline range could not benefit Sherwin because the range still exceeds the 36-month statutory maximum penalty. Thus, a remand for resentencing would produce the same result since the district court would again be required to impose the 36-month statutory maximum penalty. Cf. Williams v.

---

guideline in determining that Sherwin's offense involved the use of a dangerous weapon. Rather, the district court simply concluded the car door constituted a dangerous weapon (both for purposes of determining the applicable guideline and for enhancing the base offense level by 4 levels under that guideline). Id. at 4 and 5.

8

United States, 503 U.S. 193, 203 (1992) (concluding that remand for resentencing where the district court misapplies a guideline is not required if "the error did not affect the district court's selection of the sentence imposed"); United States v. Bermingham, 855 F.2d 925, 931 (2d Cir. 1988) (concluding that dispute about applicable guideline need not be resolved where the sentence falls within either of two arguably applicable guideline ranges and the same sentence would have been imposed under either guideline range).

The judgment of the district court is AFFIRMED.