**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Stephen CAPLETT, Defendant— Appellant.**

No. 08–30276.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2009.

Filed June 16, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lori Harper Suek, Esquire, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

John Heenan, Heenan Law Firm, Billings, MT, for Defendant–Appellant.

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Stephen Pat Ryan Caplett appeals the 36–month sentence imposed following his conviction by guilty plea to one count of assault on a federal officer, in violation of 18 U.S.C. § 111. Caplett contends that the district court erred in relying upon U.S. Sentencing Guidelines ("USSG") Manual § 2A2.2, rather than USSG § 2A2.4, in determining his base offense level. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We reverse and remand for resentencing.

Caplett's methamphetamine use following his escape was not relevant conduct to the offense of conviction, assaulting a federal officer, within the meaning of USSG § 1B1.3.[1] *See United States v. Speelman,* 431 F.3d 1226, 1231 (9th Cir.2005) ("Under U.S.S.G. § 1B1.3(a), cross-references shall be determined on the basis of relevant conduct.") (internal quotation marks omitted); *United States v. Garcia–Camacho,* 122 F.3d 1265, 1268 (9th Cir.1997) (stating that USSG § 2A2.4 "contains a cross reference" to USSG § 2A2.2). "Relevant conduct includes all acts and omissions committed or willfully caused by the defendant 'that occurred during the commission of the offense of conviction, in preparation for the offense, or in the course of attempting to avoid detection or responsibility for that offense.'" *Speelman,* 431 F.3d at 1231 (quoting USSG § 1B1.3(a)(1)).

Factors to consider in determining "whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." USSG § 1B1.3 cmt. n. 9(B).

1. Because the parties are familiar with the factual and procedural background, we do not recite it here, except as necessary to aid in understanding this disposition.

The only factor in favor of a finding that the methamphetamine use was relevant conduct to the offense of conviction was the short amount of time that passed between the assault and the methamphetamine use. None of the other factors, however, supports a finding that the methamphetamine use was relevant conduct to the assault offense within the meaning of USSG § 1B1.3. Instead, Caplett's methamphetamine use appeared to be incidental and unrelated to the assault.

In addition, there is no evidence in the record to support a finding that Caplett committed the assault with the specific intent to commit the state felony of possession of methamphetamine. *See* USSG § 2A2.2 cmt. n. 1 (defining an aggravated assault as "a felonious assault that involved ... (C) an intent to commit another felony"). This is particularly true because the district court specifically declined to rely on the paragraph of the Presentence Investigation Report ("PSR") on which the government now relies in order to establish intent.

In any event, that paragraph does not support the inference that Caplett committed the assault with the intent to use methamphetamine. Instead, it indicates that Caplett used the "guise" of a promise of methamphetamine use in order to effectuate his escape.

The paragraph of the PSR on which the district court did rely does not indicate that Caplett committed the assault with the intent to use methamphetamine. Instead, as discussed *supra*, it indicates only that a short time elapsed between the assault and the methamphetamine use, but temporal proximity alone is insufficient.

*United States v. Rue*, 988 F.2d 94 (10th Cir.1993), on which the government relies, is distinguishable. In *Rue*, the defendant was in possession of the illegal drug and a syringe at the time he assaulted the officer, and he used the syringe to assault the officer. *Id.* at 95. Thus, the assault directly "involved" Rue's possession of the contraband, which was a felony. USSG § 2A2.2 cmt. n. 1. There is no question that Rue's possession of the contraband was relevant conduct to his offense of assault—he possessed the contraband "during the commission of the offense of conviction." USSG § 1B1.3(a)(1). In the instant case, the connection between Caplett's assault and his possession of methamphetamine is much more attenuated than in *Rue*.

For the foregoing reasons, the district court erred in relying on USSG § 2A2.2, rather than § 2A2.4, in calculating Caplett's offense level. Because the incorrect calculation of the applicable Guidelines range is a "significant procedural error," *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc), the sentence imposed by the district court is

**VACATED** and the case **REMANDED** for resentencing consistent with this disposition.