**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4820

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE CORRAL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:12-cr-00014-JPJ-PMS-1)

Submitted:  May 9, 2013                 Decided:  May 21, 2013

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Fay F. Spence, First Assistant Federal Public Defender, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Corral pled guilty to two counts of forcibly assaulting corrections officers, in violation of 18 U.S.C. § 111(a)(1), (b) (2006) (Counts One and Three), and received an above-Guidelines sentence of 216 months' imprisonment. Corral appeals his sentence, contending that the district court erred by: (1) applying the aggravated assault guideline to Count Three, U.S. Sentencing Guidelines Manual ("USSG") § 2A2.2 (2011); and (2) failing to explain adequately its reasons for the extent of the upward variance. We affirm.

On October 21, 2011, Officer Delph was on duty at United States Penitentiary Lee County, a maximum security federal penitentiary, when Corral, an inmate at the prison, entered Delph's office and stabbed Delph in the face, eyes, and throat with a plastic ink pen that had been converted into a weapon. When Delph attempted to flee, Corral struck him in the back with the pen at least two more times and pursued him down the stairwell. During the struggle in his office, Delph was able to alert other officers that he was in need of assistance. Officer Jones responded to the distress call and encountered Delph being pursued by Corral in the stairwell. Corral moved toward Jones in an aggressive manner, still holding the ink pen; Jones stepped back quickly but fell backwards and injured his wrist. As Corral closed in on Jones, standing over him with the

2

pen in his hand, several officers jumped in to restrain Corral. After the officers' intervention, Corral continued to verbally threaten the prison staff and struggled against being restrained.

On appeal, Corral first challenges the district court's application of the aggravated assault guideline to the assault on Officer Jones because that assault did not result in physical contact. See USSG § 2A2.2. "In assessing a challenge to a sentencing court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010). Aggravated assault is defined as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." USSG § 2A2.2 cmt. n.1. Thus, in order to be sentenced under the aggravated assault guideline, Corral would have had to commit a felonious assault involving any of those three outlined conditions. See United States v. Rue, 988 F.2d 94, 96 (10th Cir. 1993).

In Count Three, Corral pled guilty, by the terms of the indictment, to the felonious assault of Officer Jones using a deadly or dangerous weapon, punishable by up to twenty years' imprisonment. See 18 U.S.C. § 111(b). While Corral's guilty

3

plea alone did not justify the application of the aggravated assault guideline, the sentencing court further found that Corral intended to cause serious bodily injury to Officer Jones by using the pen as a deadly weapon, satisfying the requirements of the aggravated assault guideline. See USSG § 2A2.2 cmt. n.1. Physical contact or bodily injury is not required for the assault to qualify as aggravated under the Guidelines. The evidence supports the district court's conclusion that Corral intended to do more than frighten Officer Jones with the weapon. Accordingly, the district court did not clearly err in concluding that Corral intended to cause bodily injury to Officer Jones. See Alvarado Perez, 609 F.3d at 612.

Next, Corral argues that the district court erred by failing to provide an adequate explanation for the extent of the upward variance from the Guidelines range. This court reviews a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing any variance, the appellate court must give due deference to the sentencing court's decision, and the sentencing court "must give serious consideration to the extent of the . . . variance" and "set forth enough to satisfy the appellate court that it has considered the parties' arguments

4

and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364-66 (4th Cir. 2011).

We conclude that the district court fulfilled its obligations to consider the parties' arguments, to give serious consideration to the extent of the variance, and to provide a reasoned basis for the variance. The court noted the statutory factors it was required to consider in imposing the sentence and that it could not impose a sentence greater than necessary to accomplish those goals. The court described Corral's attack upon the officers as horrific and ranked it as one of the most serious it had ever seen. The court also found that Corral's attitude should be deterred and that Corral had a history of violence within the institutions in which he had been incarcerated. Although Corral argues that the district court failed to explain why Corral's assaults were any more horrific than others, the district court was not required to "justify a sentence outside the Guidelines range with a finding of extraordinary circumstances." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (internal quotation marks omitted). Moreover, although Corral asserts that the district court failed to explain how the sentence imposed reflected Corral's criminal history not accounted for in the Guidelines, the district court's explanation regarding Corral's violent history while incarcerated was enough to satisfy us that it had a reasoned

basis for the chosen sentence. See Diosdado-Star, 630 F.3d at 364. In sum, we conclude that, after carefully considering the facts of the case, the arguments presented by counsel, and the 18 U.S.C. § 3553(a) (2006) factors, the court provided an adequate explanation for the above-Guidelines sentence imposed.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED