**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

VEREL TRACY WESTOVER, SR.,

    Defendant - Appellant.

No. 03-3287

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 02-CR-40012-01-SAC)**

---

Melissa Harrison, Assistant Federal Public Defender, Kansas City, Kansas (David J. Phillips, Federal Public Defender, and Ronald E. Wurtz, Assistant Federal Public Defender, Topeka, Kansas, on the brief) for Defendant-Appellant.

Thomas G. Luedke, Assistant United States Attorney, Topeka, Kansas (Eric F. Melgren, United States Attorney, Topeka, Kansas, with him on the brief) for Plaintiff-Appellee.

---

Before **EBEL** and **TYMKOVICH**, Circuit Judges, and **HEATON**, District Judge.[*]

---

**HEATON**, District Judge.

---

Defendant Verel Tracy Westover was convicted by a jury of violating 18 U.S.C. § 1001, by making false statements regarding matters within the jurisdiction of a federal agency, and 18 U.S.C. §641, by embezzling government funds in conjunction with his receipt of public housing assistance and food stamps. He was sentenced to a term of imprisonment of one year and one day, followed by two years of supervised release. He was also ordered to pay $15,200.79 in restitution. Westover appealed his conviction and sentence. After briefing and oral argument were completed, but prior to a decision by this court, the Supreme Court decided Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Defendant sought leave to supplement his brief to raise additional issues in light of that decision. We affirmed defendant's convictions, but authorized supplemental briefing on defendant's Blakely claim and retained jurisdiction to address that issue.

Subsequent to the submission of the supplemental briefs, the Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),

---

[*]The Honorable Joe Heaton, United States District Judge for the Western District of Oklahoma, sitting by designation.

which extended the Sixth Amendment holding of Blakely to the United States Sentencing Guidelines ("U.S.S.G."). The Supreme Court concluded that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756. To remedy the constitutional infirmity flowing from the then-mandatory nature of the Guidelines, the Court severed two provisions of the Sentencing Reform Act of 1986, effectively making the Guidelines advisory.

Here, the district judge imposed a sentence which exceeded that supported by the facts found by the jury or admitted by the defendant. However, under the circumstances of this case and on plain error review, we conclude defendant's sentence should be AFFIRMED.

## Background

The jury found defendant guilty of four counts of making false statements and one count of embezzlement. The district court then found the following facts during sentencing, which were not established by the jury's verdict: (1) that the monetary loss to the government was $15,200.76 and (2) that the defendant committed perjury by testifying falsely during the trial. Under the Sentencing Guidelines, defendant had a base offense level of 6. The district court increased that level by adding four levels based on the amount of the loss (U.S.S.G. §2B1.1(b)(1)(c)) and two levels for obstruction of

3

justice (U.S.S.G. §3C1.1).[1]  The result was a total offense level of 12.  Coupled with a criminal history category of II, the Guidelines indicated a range of 12-18 months imprisonment.  Without those two enhancements, defendant's Guidelines range would have been 1-7 months imprisonment.

The court sentenced defendant to 12 months plus one day on each of the five counts, to be served concurrently.  Defendant contends, and the government concedes, that the judge-found facts increased his sentence beyond the maximum authorized by the jury's verdict, the jury having found only that the loss was "in excess of $1,000."

**Discussion**

While defendant contested the district judge's findings in some respects, he did not assert at trial or sentencing that the Sentencing Guidelines were unconstitutional.  In the absence of a constitutional objection below, we review the district court's sentencing decision for plain error.  United States v. Magallanez, 408 F.3d 672, 683 (10th Cir. 2005), cert. denied, ___ U.S. ___, 126 S.Ct. 468 (2005).  Plain-error review is conducted "'less rigidly when reviewing a potential constitutional error.'" United States v. Hauk, 412 F.3d 1179, 1194 (10th Cir. 2005) (quoting United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir. 2005)).

To establish plain error, defendant must demonstrate that (1) the district court

---

[1]Defendant was sentenced under the 2003 version of the Guidelines.  Although he disputed at sentencing which version should apply, he has not pursued that issue here.

4

committed error, (2) the error was plain, (3) the error affected his substantial rights, and (4) that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. Lawrence, 405 F.3d 888, 906 (10th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S.Ct. 468 (2005). In sentencing Mr. Westover, the district court committed constitutional error under Booker as it applied the then-mandatory Guidelines and relied on facts the judge found by a preponderance of the evidence to increase defendant's sentence beyond the maximum authorized by the jury's verdict. Magallanez, 408 F.3d at 685. This violated defendant's Sixth Amendment rights. *Id*. at 683. Although defendant was sentenced based on well-settled law at the time of sentencing, the error was clear by the time of the appeal and is therefore "plain" for purposes of plain error review. United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005), *cert. denied,* ___U.S. ___, 126 S.Ct. 495, *reh. denied,* ___U.S.___, 126 S.Ct. 795 (2005). The first and second elements of the plain error analysis are therefore present here; only elements three and four are in issue.

It is unnecessary to resolve the question of whether defendant has met his burden of showing an effect on his substantial rights, as we conclude he has failed to show that the error seriously affected the fairness, integrity or public reputation of judicial proceedings. See Magellanez, 408 F.3d at 658 (unnecessary to address third element of plain error analysis if fourth not met). Even where plain error affecting substantial rights is shown to have occurred, this Court "has authority to order correction, but is not

5

required to do so." United States v. Olano, 507 U.S. 725, 735 (1993); *see also* Fed.R.Crim.P. 52(b). A court of appeals should correct a plain error not raised below if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 736, quoting United States v. Atkinson, 297 U.S. 157, 160 (1936).

This court has identified a number of non-exclusive factors which may show that a defendant has satisfied the fourth element of the plain error analysis: (1) a sentence increased substantially based on Booker error; (2) a showing that the district court would likely impose a significantly lighter sentence on remand; (3) a substantial lack of evidence to support the entire sentence the Guidelines required the court to impose; (4) a showing that objective consideration of the 18 U.S.C. §3553(a) factors warrants a departure from the suggested guidelines sentence, and (5) other evidence peculiar to the defendant which demonstrates a complete breakdown in the sentencing process. U. S. v. Dowlin, 408 F.3d 647, 671 (10th Cir. 2005).[2]

Here, although our review is more exacting because constitutional Booker error is involved, consideration of all the circumstances leads to the conclusion that the error in this case does not satisfy the fourth element of plain error analysis.

---

[2] This court has employed different formulations of factors which may be applicable. In United States v. Houk, 412 F.3d 1179 (10th Cir. 2005), we identified three factors that were pertinent there: whether the underlying right was constitutional or not, whether the defendant challenged the factual findings upon which the district court relied, and the magnitude of the difference between the sentence imposed and that authorized by the facts found by the jury or admitted to by the defendant.

The district judge's findings as to loss and obstruction of justice resulted in an increase in the defendant's potential term of imprisonment from 1-7 months to 12-18 months. That increase is not as substantial as the ten year increase the Booker court viewed as "very serious", Booker, 125 S.Ct. at 751, or as the degree of change we have found significant in other cases.[3] Nonetheless, it involves an increase in relative and absolute terms which might, in a proper case, be deemed significant for purposes of plain error analysis. In this case, however, the most pertinent consideration is that defendant has already served the term of imprisonment to which he was originally sentenced.[4] Even if the district court would be disposed to reduce the sentence on remand, a prospect we find unlikely on this record, it could not "unring the bell" and cause defendant to serve a shorter term of imprisonment. The only practical impact would be on the unexpired term of supervised release,[5] potentially shortening the term or eliminating it altogether. See U.S.S.G. 5D1.1 Such a limited potential impact, though sufficient to prevent this appeal from being moot,[6] is not of such significance as would suggest the court should exercise its discretion to notice the sentencing error involved here.

---

[3] For example, in United States v. Dazey, 403 U.S. 1147, 1178-9 (10th Cir. 2005), we termed a 20 level enhancement based on judicial fact-finding "sizable."

[4] Defendant was released by the Bureau of Prisons on November 4, 2004.

[5] The restitution ordered by the court is not part of the criminal penalty imposed and therefore does not raise Sixth Amendment concerns. United States v. Visinaiz, 428 F.3d 1300, 1316 (10th Cir. 2005).

[6] United States v. Castro-Rocha, 323 F.3d 846 (10th Cir. 2003).

7

Even if the potential for a significant reduction in the sentence existed, there is little reason to believe the district court would impose it here.  It is true that the court imposed a sentence at the bottom of the Guideline range --- a year plus a day.[7]   However, "[t]he district court did not make any comment that could be construed as expressing dissatisfaction with [defendant's] sentence, nor were there any facts in the record to suggest a reasonable probability that the district court would have exercised its discretion to depart from the Guidelines."  Magallanez, 408 F.3d at 686.   "[T]here is nothing to suggest that the court was inclined to go lower, even if it had realized it had discretion to do so.  *Id.* (citing Gonzalez-Huerta, 403 F.3d at 735-36, for its affirmance of a sentence at the bottom of the range based on the fourth prong of the plain-error test).  *See also* Lawrence, 405 F.3d at 907 ("Whether the district court would simply reimpose the same sentence on remand, or whether instead the sentence would likely change to a significant degree if the case were returned to the district court for discretionary resentencing, is one factor to consider in determining whether the defendant can satisfy the fourth plain-error prong.") (internal quotation marks and brackets omitted; emphasis added).

Defendant's sentence was within the national norm[8] and, while the district court did not state, as did the judge in Magallanez, *id.* at 686, that he found the sentencing-

---

[7]  The additional day was presumably intended to make defendant eligible to earn good time credits.  See 18 U.S.C. §3624(b).

[8]  The Sentencing Guidelines are the national norm.  Gonzalez-Huerta, 403 F.3d at 738.

enhancement facts had been "proved 'beyond any doubt in my mind,'" the judge clearly was confident in the findings he made that underlay the sentencing enhancements.

With respect to the judicial findings of loss amount,[9] defendant did not seriously contest their factual accuracy. Defendant did object to the loss amount, calling it "overstated and theoretical."[10] However, his objection focused on his argument that the government unreasonably delayed in charging him and hence manipulated his sentence,[11] a legal argument we have previously concluded was properly rejected by the district court,[12] rather than the factual accuracy of the loss amount. There is ample support in the record for the factual determination made by the court.

With respect to the enhancement for obstruction of justice (perjury), substantial evidence supported the district court's determination and there is nothing in the record to suggest the district court would see the matter differently on remand. The district court rejected defendant's attribution of his misstatement to faulty memory, noting that

---

[9] Defendant's objection was couched in terms of objection to the amount of restitution. However, the restitution amount and amount of loss for guideline purposes are the same in this case.

[10] Addendum to Presentence Investigation Report, pp. 42-43.

[11] In his Corrected Motion for Downward Departure and Sentencing Memorandum, the only loss amounts objected to consisted of "all amounts of alleged losses which occurred after the Government discovered that he had under-reported his income on the ground that the Government's control of the sentence through its actions violate[d] the Constitutional separation of powers doctrine." R. Vol. I, doc. 98, p. 1.

[12] Order and Judgment filed August 11, 2004, pp. 13-14.

defendant conceded his testimony was incorrect. Recalling defendant's trial testimony that he had not received any money from Childress, his employer, at the time he leased the apartment and evidence that defendant told the Topeka Housing Authority that he had not received a check from Childress, the court recounted that the trial exhibits showed that Childress had written defendant a check before he signed the contract for the apartment. The judge stated:

> And the parties agree that the Government has now obtained copies of the cancelled checks showing that one was cashed by Defendant before he signed the lease and another was cashed on the very day that he signed the lease. The Court recalls this testimony. This testimony relates to a material matter and was the result of Defendant's willful intent to provide false testimony rather than confusion, mistake or faulty memory.

R. Vol. IX, pp. 4-5 (sentencing transcript). There is nothing in the trial judge's comments to suggest that a different result would be likely on remand.

The sentence imposed in this case was substantially supported by the evidence. *See* United States v. Clifton, 406 F.3d 1173, 1181-82. Our review of the evidence, considered in light of the sentencing factors identified in 18 U.S.C. §3553(a), does not suggest a sentence lower than that imposed by the district court.[13] Further, we find nothing in the evidence here that would suggest a complete breakdown in the sentencing process.

---

[13] Defendant sought a downward departure based on his own health and that of his wife. While consideration of such circumstances is appropriate under §3553(a), we conclude that the entire record, including the circumstances of these offenses and defendant's prior criminal history, amply supports the sentence imposed.

10

As the sentencing error in this case did not seriously affect the fairness, integrity or public reputation of judicial proceedings, we AFFIRM the sentence.