**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TIMOTHY L. TURNER,

Defendant-Appellant.

No. 06-3168
(No. 05-CR-20059-01-JPO)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY, TYMKOVICH,** and **HOLMES**, Circuit Judges.[**]

Defendant Timothy Turner pled guilty to a misdemeanor violation of 18

U.S.C. § 111(a). Although the applicable guidelines sentence was 12 months, Mr.

Turner was sentenced to nine months of imprisonment and one year of supervised

release. Mr. Turner objects to the length of his sentence and, on that basis, brings

this appeal.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

We have jurisdiction to review Mr. Turner's sentence pursuant to 18 U.S.C. § 1291. We affirm.[1]

---

[1]    Mr. Turner was released from prison on November 13, 2006, less than three weeks after he filed his opening brief in this appeal. Although Mr. Turner is no longer incarcerated, we hold that Mr. Turner's appeal is not moot because he currently is serving a one-year period of supervised release and because a successful appeal could affect, upon resentencing, the supervised-release component of his sentence. *See United States v. Westover*, 435 F.3d 1273, 1277 (10th Cir. 2006) (challenge to imprisonment component of sentence due to constitutional *Booker* error not moot after defendant completes prison term because district court upon remand could eliminate or shorten unexpired term of supervised release).

Some further explanation of our mootness conclusion may be helpful. We recognize that Mr. Turner on appeal does not specifically challenge the supervised-release component of his sentence. The apparent forfeiture of this challenge, however, does not undermine the wide discretion, particularly post-*Booker*, the district court possesses over the imprisonment and supervised-release components of Mr. Turner's sentence. *See* 18 U.S.C. § 3583(a) (district court "may" impose supervised release, unless mandated to do so by relevant criminal statute); U.S.S.G. § 5D1.1(b) & cmt. 2. (district court "may" order supervised release after imposing one-year prison term or less). Nor does it negate the possible decisional linkage between these issues, as both determinations require consideration of many of the same factors. *See* 18 U.S.C. § 3553(a) (sentencing factors); 18 U.S.C. § 3583(c) (requiring consideration of certain § 3553(a) factors for supervised release determination). Thus, a finding of error as to the manner by which the district court weighed the § 3553(a) factors in its calculation of Mr. Turner's term of imprisonment could lead the district court upon resentencing, in following our rationale, to eliminate the supervised release term. *See* 18 U.S.C. § 3583(e)(2) (permitting district court to modify conditions of supervised release). And even if the district court on remand once again decided to impose supervised release, it might choose to vary from the recommended guidelines period of one year. *See United States v. Allen*, 434 F.3d 1166, 1170 (9th Cir. 2006) (challenge to length of imprisonment component of sentence not moot after defendant serves 12-month prison term because district court could resentence defendant "to a shorter term of supervised release in light of a shorter appropriate term of imprisonment or to no term of supervised release").

2

## I.    Background

On May 19, 2005, Mr. Turner was arrested on a misdemeanor violation of 18 U.S.C. § 111(a).  He was charged, in a single-count complaint, with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Deputy United States Marshal Michael Shute ("Marshal Shute") during the performance of his official duties.  (*See* Complaint, Doc. No. 1.) An information charging this count was later filed on May 24, 2005. (*See* Information, Doc. No. 10.)

The arrest stemmed from a May 19, 2005 confrontation in the federal courthouse in Kansas City, Kansas.[2] (*See* Presentence Investigation Report ("PSR") ¶ 11.)  Marshal Shute observed Mr. Turner and a female companion in the gallery of a courtroom "laughing and making faces" at a government witness. (*Id*.)  Marshal Shute instructed them to stop. (*Id*.)  In response, Mr. Turner cursed at Marshal Shute, and then left the courtroom. (*Id*.)  Marshal Shute followed Mr. Turner outside the courtroom and demanded that he leave the building. (*Id*.)  Prior to leaving the courthouse, however, Mr. Turner called Marshal Shute a "cracker mother f***er," told Marshal Shute that he would be "seeing" him again, and

---

[2]    The sentencing court adopted, without objection, the uncontested factual findings of the Presentence Investigation Report ("PSR") at sentencing. (*See* April 24, 2006 Sentencing Transcript ("Tr.") at 2-4.)  *See generally United States v. Mateo*, 471 F.3d 1162, 1166-67 (10th Cir. 2006); Fed. R. Crim. P. 32(i)(3)(A).  Much of the factual narrative in this Order and Judgment comes from the PSR.

"bumped" Marshal Shute with his chest. (*Id*. ¶¶ 11-12.)  Mr. Turner then physically resisted arrest.  (*Id*. ¶ 12.)

On May 24, 2005, Mr. Turner was released from detention under the supervision of the U.S. Pretrial Services. (*Id*. ¶ 2.)  Between the time of his arrest and the entry of his guilty plea, Mr. Turner violated the conditions of his pretrial release on several occasions, including testing positive for drugs on three separate dates.  (*Id*. ¶¶ 3, 6.)  Mr. Turner was subsequently rearrested, and his bond revoked, as a result of these pretrial violations.   (*Id*. ¶ 3.)

Mr. Turner waived his right to a trial, judgment, and sentencing by a district court judge and consented to proceed before a United States Magistrate Judge.  (*See* Consent, Doc. No. 27.)  On February 9, 2006, Mr. Turner pled guilty to the misdemeanor count.[3]  (PSR ¶ 7.)  He was again released under the supervision of U.S. Pretrial Services, with the added conditions that he participate in mental health counseling and in-home detention with electronic monitoring. (*Id*. ¶ 9.)  On February 27, 2006, a Petition For Action On Conditions of Pretrial Release was filed, averring that Mr. Turner intentionally severed his electronic

---

[3]      Prior to accepting Mr. Turner's guilty plea on the misdemeanor violation of 18 U.S.C. § 111(a), the sentencing court vacated an October 28, 2005 guilty plea to a single-count superseding information, charging Mr. Turner with a violation of 18 U.S.C. § 115(a)(1)(B).  (PSR ¶ 7; Transcript of February 9, 2006 Hearing ("February 9, 2006 Tr.") at 3; Superseding Information, Doc. No. 37.) The superseding information – and the ultimately vacated guilty plea – were the product of the parties' mistaken belief as to the severity of the penalty for a 18 U.S.C. § 115(a)(1)(B) offense.  (*See* February 9, 2006 Tr. at 2-5.)

monitoring bracelet.  (*Id*. ¶ 10.)  On February 28, 2006, he again was found in violation of his pretrial-release conditions and ordered detained.  (*Id*.)

Mr. Turner was sentenced on April 24, 2006.  The PSR calculated his sentencing range to be 24 to 30 months. (*Id*. ¶ 75.)   However, pursuant to U.S.S.G. § 5G1.1(a), this range was reduced to a flat guidelines sentence of 12 months, the statutory maximum for a misdemeanor violation of 18 U.S.C. § 111(a).  (*Id*.)  The sentencing court handed down a sentence of nine months' incarceration and 12 months' supervised release.  (*See* April 24, 2006 Sentencing Transcript ("Tr.") at 35-36.)   According to the court, this sentence was "sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." (*Id*. at 32.)

The sentencing court ordered Mr. Turner to be immediately imprisoned, executing the criminal judgment.  (*Id*. at 33, 37.)  He appealed his sentence on May 4, 2006.  (*See* Notice of Appeal, Doc. No. 55.)  Mr. Turner requested three extensions of the deadline for filing his opening appellate brief.  Each motion rested in part upon Mr. Turner's need for time to determine whether to dismiss voluntarily his appeal.[4]  We granted each motion.

---

[4]    *See* Motion to Extend Time for Filing Opening Brief (the first motion) at 1, ¶ 5; Motion to Extend Time for Filing Opening Brief (the second motion) at 2, ¶ 5; Motion to Extend Time for Filing Opening Brief (the third

(continued...)

On October 18, 2006, Mr. Turner's attorney, Cheryl Pilate, who was appointed under 18 U.S.C. § 3006A, filed a motion to withdraw. Ms. Pilate cited as the basis for this motion a "complete divergence of opinion as to the proper handling of this appeal" and Mr. Turner's "dissatisfaction with her services." (*See* Motion to Withdraw at 1, ¶¶ 1-3.) Ms. Pilate further noted that Mr. Turner desired new counsel and did not "wish for her to file a brief on his behalf in this appeal." (*Id*. ¶ 1.) Mr. Turner was served with a copy of this motion. (*Id*. at 3.)

On October 26, 2006, Ms. Pilate filed Mr. Turner's opening brief. The government then filed its answer brief on November 27, 2006, two weeks after Mr. Turner's release from prison. Mr Turner did not exercise the option of filing a reply brief; the window for doing so closed on December 11, 2006. At that point, the case was ripe for decision. The lone issue in Mr. Turner's brief challenges the reasonableness of the length of his prison sentence.

## II.  Discussion

Before addressing the merits of Mr. Turner's appeal, we first address Ms. Pilate's motion to withdraw.

---

[4](...continued)
motion) at 2, ¶ 4(a).

### A.    Motion to Withdraw

Ms. Pilate seeks to withdraw from her court-appointed representation of Mr. Turner.  The basis for this motion is Mr. Turner's "dissatisfaction" with her services and a divergence of opinion as to how to handle the appeal.  (*See* Motion to Withdraw at 1, ¶¶ 1-3.)   Ms. Pilate also has conveyed Mr. Turner's desire for new counsel.  (*Id*. ¶ 1.)

We treat with great seriousness Ms. Pilate's statements in her motion to withdraw that Mr. Turner wants new representation and did not wish for her to file a brief on his behalf.  Nonetheless, we deny her motion to withdraw.

An indigent defendant does not possess a Sixth Amendment right to *his choice* of appointed counsel.[5] *See United States v. Nichols*, 841 F.2d 1485, 1504 (10th Cir. 1988) ("[A]n indigent defendant does not have a right to choose appointed counsel.  In fact, a court may refuse to appoint the counsel of the defendant's choice even if that attorney is willing to represent the defendant." (citations omitted)).

While Ms. Pilate's motion may technically comply with 10th Cir. R. 46.4(A), it lacks specific factual averments, such as a total breakdown in

---

[5]    Of course, an indigent defendant retains the constitutional right to appointed counsel on a direct appeal.  *See Penson v. Ohio*, 488 U.S. 75, 79 (1988) ("Approximately a quarter of a century ago . . . this Court recognized that the Fourteenth Amendment guarantees a criminal appellant the right to counsel on a first appeal as of right.")

communication or a conflict of interest, that meet the "good cause" standard for withdrawal and for substitution of new counsel pursuant to 18 U.S.C. § 3006A(c). *See United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002) (identifying circumstances that may provide "good cause" for substitution of counsel, and noting that "a mere strategic disagreement between a defendant and his attorney" does not meet the standard); *United States v. Johnson*, 961 F.2d 1488, 1490 (10th Cir. 1992) (holding that good cause not demonstrated where criminal defendant alleged that he "lost confidence in his attorney" and "merely showed a preference for new counsel"). *See generally* 10th Cir. R. 46.3(A) (appointed counsel in criminal appeal must represent defendant until relieved by this Court). Of additional significance is the untimeliness of the motion, which was filed less than one week prior to the *extended* deadline for Mr. Turner's appellate brief. *See Johnson*, 961 F.2d at 1490 (timeliness of motion should be considered).

Mr. Turner has not filed a motion, or even an informal request, seeking new counsel or attempting to proceed *pro se*. In fact, Mr. Turner has not even responded to Ms. Pilate's motion to withdraw. Furthermore, the motion to withdraw indicates only that Mr. Turner seeks new counsel, not that he wishes to pursue grounds for appeal that his lawyer has yet to raise – or has refused to raise – on his behalf. Suggestive of the notion that Mr. Turner does not in fact wish to raise alternative or additional grounds, he has not filed a *pro se* brief, nor is there any indication in the record that he has contacted this Court with questions as to

8

the legitimacy of the appellate brief filed on his behalf. Nevertheless, we have conducted an independent review of the record, similar to that required under *Anders v. California*, 386 U.S. 738, 744 (1967),[6] to determine whether there are potential appellate issues other than the one raised in Mr. Turner's brief, that could be deemed non-frivolous. We have discerned no such issues.

For the preceding reasons, we **DENY** Ms. Pilate's motion to withdraw, and proceed to address the arguments raised in Mr. Turner's appellate brief.

### B.    Merits

Mr. Turner claims that the length of his sentence of imprisonment is "unreasonable." (*See* Appl't Br. at 10-11.) Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentencing determinations for "reasonableness." *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). This involves a two-step inquiry involving an assessment, respectively, of the procedural and substantive reasonableness of the sentence. *See United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006) ("Reasonableness has both procedural and substantive components." (citing *Kristl*, 437 F.3d at 1054-55)).

First, we determine whether the district court properly calculated the applicable guidelines range. *See Kristl*, 437 F.3d at 1055. If so, "the sentence imposed by the district court must be considered reasonable from a procedural

---

[6]    Ms. Pilate does not seek to withdraw based upon her belief that Mr. Turner's appeal is frivolous pursuant to 10th Cir. R. 46.4(B).

perspective and, in turn, is considered presumptively reasonable from a substantive perspective." *United States v. McCullough*, 457 F.3d 1150, 1171 (10th Cir. 2006) (citing *Kristl*, 437 F.3d at 1054-55).

Second, as to substantive reasonableness, we ask whether the defendant has demonstrated that the sentence is unreasonable in light of the other sentencing factors identified in 18 U.S.C. § 3553(a). *See Cage*, 451 F.3d at 591 ("Even if a sentence is calculated properly, i.e. the Guidelines were properly applied and the district court clearly considered the § 3553(a) factors and explained its reasoning, a sentence can yet be unreasonable."). In carrying his burden, a defendant cannot avail himself of a converse presumption of unreasonableness for sentences varying from the otherwise applicable guidelines range - *viz.,* a sentence will not be considered *presumptively* unreasonable just because it falls outside of the sentencing guidelines range. *See United States v. Valtierra-Rojas*, 468 F.3d 1235, 1239 (10th Cir. 2006) ("We join these [four] circuits in holding that a sentence outside of the properly calculated Guidelines range is not *presumptively* unreasonable.") Of course, in conducting this two-prong inquiry, we review legal questions *de novo*, evaluate factual findings for clear error, and give the appropriate deference to the district court's application of the guidelines to the facts. *See United States v. Herula*, 464 F.3d 1132, 1136 (10th Cir. 2006).

The initial sentencing guidelines range was 24 to 30 months. (*See* PSR ¶ 75.) However, because the applicable guidelines range exceeded the statutory

10

maximum of 12 months, this range disappeared and was replaced by a fixed "guideline[s] sentence" of 12 months. *See* U.S.S.G. § 5G1.1(a).[6]

Mr. Turner's nine-month sentence varied from this guidelines sentence in his favor. He contends, however, that the extent of the favorable variance was not enough and, consequently, his sentence is unreasonable. Yet, we conclude that Mr. Turner has fallen far short of carrying his burden on this point.

Mr. Turner's argument on appeal is that he should have received a lower sentence because he pled guilty, he apologized for his behavior, and his offense was "minor in nature." (*See* Appl't Br. at 8-11.) These factors, viewed individually or in the aggregate, are clearly insufficient on these facts to transform a sentence involving a downward variance from the presumptively reasonable guidelines sentence – a variance benefitting Mr. Turner – into a sentence that is deemed substantively unreasonable because of its *excessive* length.[7] *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1227, 1229-

_____

[6] Mr. Turner asserts that the Sentencing Guidelines ceased to be applicable because his sentence was capped by the statutory maximum prison term for his crime and, consequently, the actual sentencing range was zero to 12 months. (Appl't Br. at 3, 10-11.) Mr. Turner is mistaken. Because his otherwise applicable guidelines range exceeded the statutory maximum, that maximum became the guidelines sentence, pursuant to U.S.S.G. § 5G1.1(a). Under *Kristl* and its progeny, 12 months was the presumptively reasonable sentence.

[7] As to Mr. Turner's contention that his apology, at least in part, should have led the sentencing court to award him a greater variance, it is noteworthy that Mr. Turner's apology apparently was taken into account in the sentencing process. Mr. Turner received sentencing credit for acceptance of

(continued...)

11

30 (10th Cir. 2006) (rejecting defendant's argument that district court did not vary downward enough in light of acknowledged "problems" with the medical care he received during pre-sentence imprisonment, which defendant claimed "rendered his pre-sentence confinement extraordinary"); *cf. United States v. Terrel*, 445 F.3d 1261, 1264-65 (10th Cir. 2006) (upholding district court's decision to give "heavy weight" to the guidelines, in deciding to vary downward but not as much as defendant argued was appropriate). Not surprisingly, Mr. Turner provides no case law to support his position.

Even though Mr. Turner's nine-month sentence is not the presumptively-reasonable one under *Kristl*, we have no difficulty concluding that it is substantively reasonable. Our conclusion is supported by the very § 3553(a) factors upon which the sentencing court *expressly* relied.[8] The sentencing court

---

[7](...continued)
responsibility in the computation of the guidelines sentence (i.e., a two-level downward adjustment). (*See* PSR ¶ 24.) Mr. Turner explicitly linked his apology to his acceptance of responsibility in arguments to the district court. (*See Sentencing Memorandum* (Doc. No. 52) at 3 ("Mr. Turner has fully accepted responsibility for and apologized for his offense."); Tr. at 23.) To be sure, the acceptance-of-responsibility downward adjustment did not afford Mr. Turner any material relief because the adjusted guidelines range exceeded the statutory maximum for the offense, making that maximum the guidelines sentence. However, Mr. Turner has not explained why he should have received further credit for his acceptance of responsibility, as evidenced by his apology, in the sentencing court's variance analysis, nor has he identified anything extraordinary about his apology that could conceivably warrant such sentencing credit.

[8]    The district court considered each of the factors, although it chose to elaborate only upon the most relevant ones. (*See* Tr. at 29-30.)

12

correctly noted the seriousness of the offense, which involved physical contact with a federal law enforcement officer. (Tr. at 27, 31); *See* 18 U.S.C. § 3553(a)(1) ("nature and circumstances of the offense"); *id.* § 3553(a)(2)(A) ("seriousness of offense").  Indeed, Mr. Turner could have been charged under the felony provision of 18 U.S.C. § 111(a), thereby subjecting him to a statutory maximum of eight years. (Tr. at 31-32.)  The sentencing court also properly emphasized Mr. Turner's extensive criminal history, which is replete with displays of physical and verbal hostility towards law enforcement officials. (*See* PSR ¶¶ 35, 38, 40, 46; Tr. at 30-31); 18 U.S.C. § 3553(a)(1) ("history and characteristics of defendant"). Furthermore, Mr. Turner failed to comply with the conditions of his pretrial release; he failed several drug screens and, at one point, cut off his electronic monitoring bracelet.  (PSR ¶¶ 6, 10; Tr. at 31); 18 U.S.C. § 3553(a)(2)(A)-(B) (deterrence and respect for law).

Based upon the nature of the offense, Mr. Turner's criminal history, and his flaunting of the rules of pretrial release, the imposition of a nine-month sentence of imprisonment – three months below the guidelines sentence – was perhaps *too* reasonable.  In any event, the length of Mr. Turner's sentence does not evince error.  Therefore, we **AFFIRM**.

Entered for the Court

Jerome A. Holmes
Circuit Judge

13