

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2008

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2834

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Williams" (2008). *2008 Decisions.* Paper 1782.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1782

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2834

———————

UNITED STATES OF AMERICA

v.

JOMO A. WILLIAMS,
                              Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 01-cr-00490-1)
District Judge: Honorable William G. Bassler

———————

Submitted Under Third Circuit LAR 34.1(a)
on November 29, 2007

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and DIAMOND,[1] <u>District Judge</u>

(Filed: January 9, 2008)

———————

OPINION OF THE COURT

———————

---

[1] The Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

FUENTES, Circuit Judge.

Appellant Jomo Williams ("Williams") appeals the order entered by the District Court following our remand of this case for resentencing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Williams' sole challenge is to his sentence. This Court has jurisdiction over Williams' appeal pursuant to 28 U.S.C. § 1291. For the reasons stated below, we will affirm the sentence imposed by the District Court.

During the course of a sting operation in July of 2001, an FBI agent and a Customs agent approached Williams, who was seated in the driver's seat of a car at the time. Williams opened his door, placed the car in reverse, accelerated, and proceeded to hit the Customs agent with the car door. He then put the car in drive, accelerated, and hit the FBI agent, who was thrown onto the car's hood. The FBI agent managed to shoot Williams through the windshield, but Williams continued to resist arrest, crashing the car into two parked vehicles and then refusing to get out of the car. He was eventually subdued and arrested by the Customs agent with the help of two off-duty police officers who were in the vicinity.

Williams was indicted on two counts of mail fraud (related to the sting operation) and two counts of knowingly, willingly and forcibly assaulting a federal agent using a dangerous and deadly weapon, and inflicting bodily injury. In May of 2002, a jury found Williams guilty on all four counts. Using a special verdict sheet, the jury concluded beyond a reasonable doubt that Williams' actions had inflicted bodily injury on both

2

agents, but did not find that the United States had proven beyond a reasonable doubt that Williams had used a dangerous weapon in committing these acts.

The District Court originally sentenced Williams to 60 months on the mail fraud counts. With respect to the assault counts, the District Court determined that a preponderance of the evidence supported a finding that Williams had used a dangerous weapon with the intent to cause bodily harm. As such, the District Court found that USSG § 2A2.2 (Aggravated Assault) was the most applicable Guidelines provision, and assigned Williams a base offense level of 15.[2] The District Court further adjusted Williams' offense level upward four levels for use of a dangerous weapon, two levels for inflicting bodily injury, three levels because the victims were law enforcement agents, and two levels for the fraud counts. After these adjustments, the total offense level was 26, which corresponded to a Guidelines range of 78 to 97 months for the assault counts. The District Court sentenced Williams to 78 months on the assault counts, to run concurrently with the sentence on the fraud counts.

On appeal to this Court, we affirmed Williams' conviction, but remanded for resentencing post-Booker. The District Court then incorporated by reference its previous findings, considered the 18 U.S.C. § 3553(a) factors, and imposed the same sentence as it had previously. This appeal followed.

---

[2] The District Court utilized the November 1, 2001 edition of the Guidelines Manual.

3

Williams claims that the District Court erred when it (1) failed to cap the potential penalty on the assault counts at three years; and (2) applied a preponderance standard to the question of whether Williams used a dangerous weapon with intent to cause bodily harm, which resulted in the imposition of an incorrect base offense level.

Williams' argument that he should have been eligible for a three-year statutory maximum on the assault counts is unpersuasive. Williams was charged with violating 18 U.S.C. § 111, which dictates that the maximum sentence for incidents of "simple assault" is three years. See 18 U.S.C. § 111(a).[3] However, 18 U.S.C. § 111(b) allows for an enhanced penalty of up to ten years[4] if the assault involves a "deadly or dangerous weapon" or "inflicts bodily injury." Here, the jury found beyond a reasonable doubt that Williams' actions had "inflicted bodily injury" on his victims; hence, the District Court committed no Sixth Amendment violation (as the relevant fact was found by the jury), and 18 U.S.C. § 111(b) allows Williams to be sentenced to a period of up to ten years.

As for Williams' second argument, it is clear that Appendix A of the Guidelines lists § 2A2.2 and § 2A2.4 as the two offense guideline sections applicable to 18 U.S.C. § 111.[5] Section 2A2.4 indicates that § 2A2.2 should be employed if an "aggravated

---

[3] At the time of Williams' conviction, the statutory maximum for "simple assault" pursuant to 18 U.S.C. § 111(a) was three years; the provision was amended in 2002, and the statutory maximum is now eight years.

[4] 18 U.S.C. § 111(b) was also amended in 2002; the statutory maximum under this provision is now 20 years.

[5] For this reason, contrary to what Williams suggests, § 2A2.3 is not an offense guideline section that can be applied in this case.

4

assault" took place, and Application Note 1 to § 2A2.2 defines "aggravated assault" as follows: "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e. not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony."  Here, the District Court found by a preponderance of the evidence that Williams had used a dangerous weapon (his car) with intent to cause bodily injury, and consequently applied § 2A2.2.

Williams claims this finding was in error because a jury, not a judge, must make any factual findings that would increase a defendant's sentence; consequently, the imposition of § 2A2.2 was incorrect because the jury did not find that the government had proven Williams' use of a dangerous weapon beyond a reasonable doubt.[6]  See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  This argument is incorrect, because Williams ignores Apprendi's caveat – that this standard applies only when the sentence would be increased beyond the prescribed statutory maximum.  See id.  For the reasons given above, the statutory maximum in this case is 10 years.  The District Court's decision to apply § 2A2.2 rather than § 2A2.4 – in combination with the other enhancements – resulted in a 78 month sentence, far below that statutory maximum.

Accordingly, we will affirm the sentence imposed on Williams by the District Court.

---

[6] Williams' brief improperly states that he was acquitted of the charge that he used a deadly weapon; this is clearly not the case.

5