**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4878**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAL HICKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  Glen M. Williams, Senior District Judge.  (2:03-cr-10088-GMW)

Submitted:  January 28, 2009        Decided:  February 27, 2009

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis Dene, DENE & DENE, P.C., Abingdon, Virginia, for Appellant.  Julia C. Dudley, Acting United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Hicks appeals his sentence on remand from his conviction for assaulting a federal correctional officer, in violation of 18 U.S.C. §§ 111(a)(1), 111(b) (2006).[1] Following consideration of the presentence investigation report ("PSR"),[2] the arguments and objections of counsel, the statements made by Hicks, and the relevant sentencing factors set forth in 18 U.S.C. § 3553(a) (2006), the district court sentenced Hicks below the guideline range recommended in the PSR to forty months' imprisonment, three years of supervised release, and ordered him to pay restitution in the amount of $1,167.52.

Hicks noted a timely appeal, and the sole error he raises on appeal is that the district court erred in resentencing him pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2A2.2 (2003). Specifically, he asserts error in the district court's application of the aggravated assault

---

[1] On November 15, 2005, we affirmed his conviction, but remanded the case for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).

[2] The probation officer who prepared the PSR on resentencing concluded that Hicks should be sentenced at a total offense level of twenty, and a criminal history category of IV, with an attendant sentencing range of fifty-one to sixty-three months' imprisonment.

guideline, claiming the officer did not sustain serious bodily injury.[3]

The charge arose on August 31, 2003, when Hicks punched Corrections Officer Brian Doyle in his left eye while passing through the metal detector at the United States Correctional Facility-US-Lee, in Lee County Virginia. The assault was captured on video and viewed by the judge, as factfinder, at trial. Outside the view of the surveillance camera, Hicks hit Officer Doyle a second time on his left cheek.

As a result of the assault, Officer Doyle's left eye was swollen shut, and he received medical treatment at the institution as well as x-rays and treatment at a local hospital emergency room. Officer Doyle attested that he thereafter had to return to the facility to prepare a report, after which he was relieved of his duty and sent home, as he was unable to perform his job because of the swelling and impaired vision of his left eye. He further attested that the vision in his left eye was "very, very blurred" and that the bruising was "very

---

[3] We find Hicks' alternative argument, that USSG § 2A2.3 may be applicable, to be without merit. Under the guidelines, for convictions under 18 U.S.C. § 111, Hicks' offense of conviction, Appendix A directs the court to utilize either USSG § 2A2.2 (Aggravated Assault) or § 2A2.4 (Obstructing or Impeding Officers). USSG, App. A (2003). Hence, application of USSG § 2A2.3, as Hicks argues, would have been inappropriate, as that section relates to assault statutes not at issue here.

substantial." He applied ice for three days to reduce the swelling. While he already was scheduled for the two days following the assault off from work, when he returned to work thereafter, he was given office work to do, as he was unable to perform his regular duties because of his impaired vision. Officer Doyle testified that he suffered from blurred vision, a splitting headache for a week, and that he had to take off three days of sick leave as a result of his injuries. Approximately four months after the assault, Officer Doyle sought further medical treatment for blurred vision, residual bruising, and headaches. The bruising from the assault was so significant as to still be evident at the time of trial, almost six months later.

We review a sentence imposed by the district court "under a deferential abuse-of-discretion standard." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall v. United States, 128 S. Ct. 586, 591 (2007)). In reviewing guideline determinations, we review questions of law de novo, and questions of fact for clear error. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).

"Aggravated assault" is defined under the guidelines as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury . . . with that weapon; (B) serious bodily injury; or (C) an intent to commit another

4

felony." USSG § 2A2.2, App. Note 1 (2003). "Serious bodily injury," is defined, in pertinent part, as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty." Id. USSG § 1B1.1, App. Note 1(L)(2003).

Given the nature and duration of Officer Doyle's injuries, we find no clear error in the district court's determination that these injuries were sufficiently serious so as to constitute "serious bodily injury" under the definition provided for in the guidelines. Accordingly, the district court's application of § 2A2.2 was not erroneous.

We therefore affirm Hicks' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5