FILED
United States Court of Appeals
Tenth Circuit

July 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUAN JOSE MAGALLANES-
TORRES,

      Defendant - Appellant.

No. 09-2272
(D.C. No. 2:06–CR–01501-RB-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK,** and **HARTZ,** Circuit Judges.

Defendant-Appellant Juan Jose Magallanes-Torres pled guilty to simple assault (count 1), 18 U.S.C. §§ 2, 111(a)(1), and re-entry of a removed alien (count 2), 8 U.S.C. §§ 1326(a) & (b). 1 R. 5-6; 3 R. 47. He had an offense level of 24 and a criminal history category of I resulting in an advisory guideline imprisonment range of 51-63 months. 2 R. 1. After reducing the advisory range to the statutory maximums, the advisory sentence was twelve months' imprisonment on count 1 followed by twenty-four months' imprisonment on count

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2.[1]  3 R. 33; 2 R. 1, 23-24 ¶ 89; U.S.S.G. §§ 5G1.1(a) & 5G1.2(d).  The district court sentenced Mr. Magallanes-Torres to this advisory sentence: twelve months' imprisonment on count 1 and twenty-four months' imprisonment on count 2, to run consecutively, followed by one year of unsupervised release.  1 R. 25-26.  On appeal, Mr. Magallanes-Torres argues that the district court (1) sentenced him for simple assault under the wrong guideline, and (2) could not enhance his sentence absent proof of his involvement in bodily injury beyond a reasonable doubt.  Aplt. Br. at 11-13.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

## Background

On September 12, 2002, several persons attempted to rob a train near the Mexican border.  2 R. 10.  As FBI agents attempted to stop the suspects from escaping, two of the agents were seriously injured with rocks, sticks and blunt objects.  2 R. (P.S.R.) 9, ¶ 23; 12, ¶ 32; 13, ¶ 36.  Mr. Magallanes-Torres was charged with conspiracy in connection with the attempted train robbery, 18

---

[1]  The base offense level for the first count was 14 under U.S.S.G. § 2A2.2(a) (2008) which applies to aggravated assault.  To that was added a seven-level enhancement for permanent or life-threatening injury, id. § 2A2.2(b)(3)(C), and a six-level enhancement for a knowing that the victim was a law enforcement officer, id. § 3A1.2(c)(1).  2 R. at 18, ¶¶ 46-48.  No additional offense level applied for the second count given the grouping rules in U.S.S.G. § 3D1.4(c).  Mr. Magallanes-Torres received a three-level reduction for acceptance of responsibility.  Id. § 3E1.1.  Thus, the total offense level was 24.

U.S.C. § 371, but in 2002 the government dismissed the indictment against him due to lack of evidence. 2 R. 6, ¶ 1-2; 12, ¶ 33. He was deported to Mexico on December 31, 2002. 2 R. 12, ¶ 33.

The FBI then determined that blood found on Mr. Magallanes-Torres's shoe matched an injured FBI officer's DNA. 2 R. 12, ¶ 33. In 2006, the government indicted Mr. Magallanes-Torres for simple assault on a federal officer and issued a warrant for his arrest. 18 U.S.C. §§ 2, 111(a)(1); 1 R. 4. On December 23, 2008, Mr. Magallanes-Torres was arrested upon re-entering the United States. 2 R. 12, ¶ 33-34. Thereafter, he pled guilty to an information containing the assault count and an additional count for unlawful re-entry. 1 R. 5-6; 3 R. 47.

In a sentencing memorandum, Mr. Magallanes-Torres argued that the PSR incorrectly used the sentencing guideline, U.S.S.G. § 2A2.2 (2008), which applies to aggravated assault. 1 R. 10-12. Mr. Magallanes-Torres argued that the elements of the simple assault charged did not involve aggravated conduct, such as "physical contact, a deadly or dangerous weapon, bodily injury, or the intent to commit murder or any felony other than those referred to in § 113(a)(2)." United States v. Hathaway, 318 F.3d 1001, 1008 (10th Cir. 2003); 1 R. 11. He pointed out that under U.S.S.G. § 2A2.2, the base offense level was 14 and resulted in a guideline sentence well above the one-year statutory maximum.[2] 1 R. 11-

---

[2] At the time of the offense (September 12, 2002), 18 U.S.C. § 111 provided:

12. According to Mr. Magallanes-Torres, a better fit was either U.S.S.G. § 2A2.3 (minor assault) or U.S.S.G. § 2A2.4 (obstructing or impeding officers). 1 R. 12.

Finally, relying upon United States v. Booker, 543 U.S. 220, 244 (2005), Mr. Magallanes-Torres argued that the introduction of argument or evidence concerning serious bodily injury at sentencing was improper. 1 R. 13-14. He argued that the government must prove aggravated assault beyond a reasonable doubt for the court to sentence him on that basis. Id.

The government responded that the PSR correctly calculated the offense

---

(a) In general.--Whoever--

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

(2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.

(b) Enhanced penalty.--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than ten years, or both.

The statute now contains more severe penalties.

guideline by selecting "the guideline most appropriate for the offense conduct charged" given two choices contained in the statutory index: §§ 2A2.2 (aggravated assault) and 2A2.4 (obstructing or impeding officers). U.S.S.G. App. A intro. comment.; 1 R. 17-23; see also U.S.S.G. §§ 1B1.1(a), 1B1.2(a). The government argued that the DNA evidence linking Mr. Magallanes-Torres to the incident, the admitted factual basis for his plea, and his statement that he "could have encouraged others" to injure the victim all proved his relevant conduct to be aggravated assault. 1 R. 17-18. The government conceded that it erred in not charging Mr. Magallanes-Torres with felony assault. 1 R. 16.

Before announcing the sentence, the district court remarked that he was "proud to report" that the sentence in the typical re-entry case was less than forty-five to seventy-five days. 3 R. 20. In the end, however, the district court ruled that it had discretion to impose each count's statutory maximum consecutively. 1 R. 32-33. The court sentenced Mr. Magallanes-Torres to twelve months' imprisonment on count 1 and twenty-four months' imprisonment on count 2, to run consecutively, followed by one year of unsupervised release. 1 R. 33-34.

## Discussion

We review the sentence imposed by the district court for reasonableness under an abuse of discretion standard after first considering the procedure used to determine that sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The

district court's legal conclusions concerning the guidelines are reviewed de novo; its factual findings for clear error. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).

### I.     The Court Correctly Calculated the Guideline Sentence.

On appeal, Mr. Magallanes-Torres renews his argument that the district court used the wrong guideline when it sentenced him for simple assault. Aplt. Br. at 13-21.  He argues that either § 2A2.3 (minor assault) or § 2A2.4 (obstructing or impeding officers) captures his conduct better than § 2A2.2 (aggravated assault).  Id. at 19.

The starting point for determining a sentence is the correct guideline range. Gall 552 U.S. at 49.  Here, the starting point is the statutory index in Appendix A, see U.S.S.G. §§ 1B1.1(a), 1B1.2(a), which contains two guideline provisions, §§ 2A2.2 and 2A2.4.  According to the commentary, where multiple guidelines are listed, a court should "use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted."  U.S.S.G. App. A, intro. comment.  In this case, that choice is made easier because § 2A2.4 refers the court to § 2A2.2 "if the conduct constituted aggravated assault."  U.S.S.G. § 2A2.4(c)(1).  This cross-reference provision must be applied with regard to relevant conduct.  U.S.S.G. § 1B1.3(a); United States v. Rue, 988 F.2d 94, 96 (10th Cir. 1993).

The question thus is whether Mr. Magallanes-Torres's relevant assault

conduct was aggravated. "Aggravated assault" is "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." U.S.S.G. § 2A2.2 comment. n.1.

The sentencing court identified Mr. Magallanes-Torres's relevant conduct from the presentence report and Mr. Magallanes-Torres's other admissions. 3 R. 22, 30-32. In his statement accepting responsibility, Mr. Magallanes-Torres admitted that he "was part of group of people who were involved in the attack of the victim in this case." 2 R. 17, ¶ 44. Though he stated that he "was not personally involved in the injury to the victim," he admitted that he "could have encouraged others to do so." Id. He admitted he intended to rob the train. 3 R. 25. At the plea hearing, the government highlighted that he admitted to participating in a forcible assault and also maintained that it could produce an eyewitness to this conduct. 3 R. 47-48. The government also relied upon the DNA evidence linking Mr. Magallanes-Torres to the assault on the victim. 3 R. 48. The victim suffered permanent bodily injury in the form of skull fractures that caused seizures, headaches, and sleep disorders, all of which required continued medication. 2 R. 14-15.

The facts support use of the aggravated assault guideline (§ 2A2.2) based upon relevant conduct. At sentencing, counsel for Mr. Magallanes-Torres seemed to concede that the aggravated assault conduct could be used in determining the

sentence for the assault count, although he argued that this conduct had nothing to do with the unlawful re-entry count.  3 R. 23–24.  As it is, we conclude that the district court correctly calculated the advisory sentence by applying § 2A2.2.

Mr. Magallanes-Torres relatedly argues that the most appropriate guideline was § 2A2.3 (minor assault) because the charge was for misdemeanor assault.  U.S.S.G. § 2A2.3 comment. n.1; Aplt. Br. at 19.  There are at least two problems with this argument.  First, the statutory index does not list § 2A2.3 as applicable to 18 U.S.C. § 111 and therefore its use would be improper.  United States v. Hicks, 313 F. App'x 674, 675 n.3 (4th Cir. 2009) (unpublished); United States v. Williams, 260 F. App'x 444, 447 (3rd Cir. 2008) (unpublished).  Second, the minor assault guideline refers the court to the aggravated assault guideline if "the conduct constituted aggravated assault."  U.S.S.G. § 2A2.3(c).  As noted previously, the cross-reference must be determined with regard to relevant conduct, so § 2A2.3 leads to the aggravated assault guideline in this case.  The commentary to § 2A2.3 makes it clear that minor assault includes "a misdemeanor assault, or a felonious assault *not covered* by § 2A2.2."  U.S.S.G. § 2A2.3 comment. n.1 (emphasis added).

## II.     The Court Correctly Did Not Commit Booker Error.

Mr. Magallanes-Torres also renews his argument that, under Booker, the district court could not enhance his sentence without proving his aggravated assault conduct beyond a reasonable doubt.  Aplt. Br. at 21-29.  He argues that

- 8 -

the court cannot take his uncharged aggravated conduct into account at sentencing because the misdemeanor assault statute did not contemplate this level of injury. Id. at 28-29.

Both before and after Booker, district courts have had the authority to take uncharged conduct into account at sentencing. United States v. Rodriguez-Felix, 450 F.3d 1117, 1131 (10th Cir. 2006); see also 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); U.S.S.G. § 6A1.3(a). "[I]t is now universally accepted that judge-found facts by themselves do not violate the Sixth Amendment." United States v. Lauder, 409 F.3d 1254, 1269 (10th Cir. 2005). The relevant constitutional issue is instead *how* courts may enhance sentences based on uncharged conduct. Booker held that the Sixth Amendment prohibited the court from relying on judge-found facts to enhance a defendant's sentence *mandatorily*. Lauder, 409 F.3d at 1269. Here, there is no evidence that the district court mandatorily enhanced Mr. Magallanes-Torres's sentence and committed Booker error.

And under the current advisory guideline system, the government need not prove sentencing evidence to a judge or jury beyond a reasonable doubt. Instead, a district court may find facts relevant to sentencing by a preponderance of the evidence. Rodriguez-Felix, 450 F.3d at 1131. At the same time, of course, a

judge may not use these facts to enhance a sentence beyond the offense's statutory maximum or to sentence an offender for a different, uncharged offense. United States v. Magallanez, 408 F.3d 672, 685 (10th Cir. 2005); Hathaway, 318 F.3d at 1010. Mr. Magallanes-Torres therefore is incorrect when he asserts that the government needed to prove his uncharged aggravated assault conduct beyond a reasonable doubt. Rather, to consider the conduct at sentencing, the court need only find by a preponderance of the evidence that Mr. Magallanes-Torres's relevant assault conduct was aggravated.

Mr. Magallanes-Torres does not dispute whether this evidentiary burden was met or could have been satisfied. The court did not sentence him above his offenses's statutory maximums. 3 R. 33. Nor did the court sentence him for any offense other than those offences to which he pled guilty. Accordingly, the court permissibly used uncharged aggravated assault conduct when it sentenced Mr. Magallanes-Torres.

In support of his claim that the government must prove his aggravated assault beyond a reasonable doubt, Mr. Magallanes-Torres relies upon this court's opinion in United States v. Hathaway. Aplt. Br. at 22-29. But that case only discussed the elements of assault that an indictment must charge to elevate an assault offense from a misdemeanor to a felony. Hathaway, 318 F.3d at 1006-09. It did not discuss a district court's ability to consider the circumstances surrounding an assault when it calculates the advisory guideline range. And,

- 10 -

again, this is not a case where a defendant was sentenced for a crime different from the one charged and proven at trial. Id. at 1010.

Mr. Magallanes-Torres further argues that the court could not rely on facts he admitted in his plea colloquy when he did not know that his stipulations to conduct involving aggravated assault would be used to calculate his sentence. Aplt. Br. at 23-29. We review the district court's "factual findings for clear error, reversing only if a finding is wholly without factual support in the record, or after reviewing the evidence, we are definitively and firmly convinced that a mistake has been made." Rodriguez-Felix, 450 F.3d at 1130.

We find no error. In the plea colloquy, Mr. Magallanes-Torres said that he understood that the district court would calculate and impose a sentence that may be at the statutory maximum or that may differ from what Mr. Magallanes-Torres's counsel anticipated. 3 R. 46-47. The court found that these statements, as well as Mr. Magallanes-Torres's plea and other factual stipulations, were knowing and voluntary. 3 R. 48. As such, the court could rely on his admissions at sentencing.

To the extent that Mr. Magallanes-Torres is arguing that the district court imposed a substantively unreasonable sentence, he has not overcome the appellate presumption of reasonableness that attaches to a properly-calculated guidelines sentence. Rita v. United States, 551 U.S. 338, 350-51 (2007). The presumption may be overcome if the length of the sentence is unreasonable after considering

the 18 U.S.C. § 3553(a) factors within the totality of the circumstances.  See

United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam).

Although he argues that the length of his sentence is unfair when compared to

other defendants charged with re-entry, we think it is apparent that the district

court differentiated based upon his prior conduct, specifically, his admitted role in

a robbery and an assault.

    AFFIRMED.

                    Entered for the Court


                    Paul J. Kelly, Jr.
                    Circuit Judge