**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EMMETT R. DUNCAN, JR.,

    Defendant-Appellant.

No. 03-4207
(D. Utah)
(D.Ct. No. 2:02-CR-195-01-PGC)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G).  The case is
therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Emmett R. Duncan, a federal prisoner represented by counsel, pled guilty to using, carrying or possessing a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c), and two counts of forcible assault and interference of an officer engaged in official duties, pursuant to 18 U.S.C. §§ 111(a)(1) and (b). The district court sentenced Mr. Duncan to sixty-months imprisonment on the firearm count, to run consecutively with forty-six months imprisonment for the assault counts.

While Mr. Duncan has filed a timely notice of appeal, his counsel has filed an appeal brief, pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), alleging that, in her opinion, no meritorious appellate issues exist and requesting an order permitting her to withdraw as Mr. Duncan's counsel. Consistent with the dictates of *Anders*, counsel has nevertheless pointed out two sentencing issues to support an appeal, namely, asserting the district court erred when it 1) applied United States Sentencing Guidelines (U.S.S.G.) §2A2.2 for aggravated assault to determine his offense level, and 2) declined to reduce his sentence under U.S.S.G. §5K2.13 for reduced mental capacity. Although the holding in *Anders* entitles a defendant to raise additional points in response to an *Anders* brief and such opportunity was given in this case, Mr. Duncan made no such filing. *See Anders*, 386 U.S. at 744. We affirm the district court's sentence.

I. Factual and Procedural Background

The relevant facts for the purpose of addressing the two sentencing issues presented on appeal follow. Mr. Duncan participated in an armed break-in of a home located on the Ute Reservation and remained at large for approximately three months until a Utah Highway Patrol trooper stopped the vehicle in which he was riding. The trooper called for backup from officers from the Roosevelt Police Department who, in turn, called for officers from the Bureau of Indian Affairs to assist. At one point, after the passengers exited the vehicle, they were given the option of getting back into the vehicle to stay warm; at this time, Mr. Duncan returned to the vehicle and sat in the driver's seat.

After Bureau of Indian Affairs Officer Myore arrived and identified Mr. Duncan, for whom an outstanding arrest warrant was pending, Officer Myore placed him under arrest and ordered him to exit the vehicle, which he refused to do. Officer Myore and Roosevelt Police Officer Denver then leaned into the vehicle to remove him. While Officer Myore was holding Mr. Duncan's left arm, Mr. Duncan grabbed Officer Denver's wrist and then sped off, injuring one officer, and dragging and injuring the other. During an ensuing high-speed police pursuit reaching speeds in excess of 100 miles per hour, Mr. Duncan deliberately swerved his vehicle into a patrol car, and then lost control and rolled the vehicle

he was driving. A passenger in the car driven by Mr. Duncan received serious injuries as a result of the rollover. Officers then arrested Mr. Duncan, who later pled guilty to carrying a firearm during the home break-in, in violation of 18 U.S.C. § 924(c), and forcible assault and interference of two officers, in violation of 18 U.S.C. § 111(a)(1) and (b).

Following the sentencing hearing, the district court found the vehicle used by Mr. Duncan constituted a dangerous weapon and that Mr. Duncan intended to use it to harm the officers involved in his arrest. Based on these findings, the district court concluded the offense category under U.S.S.G. §2A2.2 for aggravated assault applied. In addition, the district court denied Mr. Duncan's motion for a downward departure under U.S.S.G. §5K2.13 for reduced mental capacity, determining him ineligible to receive such a departure because his conduct resulted in "actual violence." Applying these and other Sentencing Guidelines, the district court imposed a sixty-month sentence for the firearm count and forty-six months imprisonment on the two assault counts, to run consecutively. In so doing, the district court noted the sixty-month sentence for the firearm count is the "mandatory minimum term for armed home invasion."

## II. Discussion

### Application of United States Sentencing Guideline §2A2.2

When reviewing an application of the Sentencing Guidelines, "[t]his court reviews the district court's legal conclusions under the Sentencing Guidelines *de novo* and its factual findings for clear error, affording great deference to the district court's application of the Guidelines to the facts." *United States v. Eaton*, 260 F.3d 1232, 1237 (10th Cir. 2001). This court "will not disturb a factual finding of the district court unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." *United States v. Easterling*, 921 F.2d 1073, 1077 (10th Cir. 1990) (quotation marks and citation omitted), *cert. denied*, 500 U.S. 937 (1991).

Section 2A2.2, entitled "Aggravated Assault," sets the offense level for "felonious assault[s] that involved (A) a dangerous weapon with intent to cause bodily harm (*i.e.*, not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." U.S.S.G. §2A2.2, cmt. n. 1. This section is disjunctive because "[t]he plain language of this definition requires §2A2.2 be applied if any of the three described situations exist." *United States v. Rue*, 988 F.2d 94, 96 (10th Cir. 1993). For the purposes of §2A2.2, a car

may be considered a "dangerous weapon," if it was involved in the offense with the intent to commit bodily injury." U.S.S.G. § 2A2.2, cmt. n.1. A car is clearly "an instrument capable of inflicting death or serious bodily injury." *See United States v. Sherwin*, 271 F.3d 1231, 1233-35 (10th Cir. 2001) (determining patrol car door kicked by defendant into officer's knee-caps, upper legs and waist, constituted a "dangerous weapon" for the purposes of §2A2.2). In this case, the district court determined the car constituted a "dangerous weapon," and was both intended to and did cause bodily harm, for the purposes of both parts (A) and (B) of the commentary to §2A2.2.

On appeal, counsel for Mr. Duncan acknowledges §2A2.2 is properly applied in calculating a sentence when bodily harm occurs. However, she points out that U.S.S.G. §2A2.4, entitled "Obstructing or Impeding Officers," is designed to encompass less severe conduct than §2A2.2, and thereby, counsel seems to intimate it should be applied in this case. We disagree.

Unlike U.S.S.G. §2A2.2, U.S.S.G. §2A2.4 is only applicable "[i]f the conduct involved physical contact, or if a dangerous weapon (including a firearm) was possessed and its use was threatened." *See* U.S.S.G. § 2A2.4(b)(1). Thus, unlike §2A2.2, §2A2.4 does not mention injury or intent to cause bodily injury.

*Compare* U.S.S.G. §2A2.2 *with* U.S.S.G. §2A2.4. Only §2A2.2 is more clearly

applicable when a serious bodily injury is sustained or an intent to do bodily harm

is evidenced. Moreover, for more severe conduct, §2A2.4 expressly provides a

cross reference to §2A2.2, in instances where "the conduct constituted aggravated

assault." *See* U.S.S.G. §2A2.4(c).

In this case, the two police officers clearly sustained serious bodily injuries

and the district court determined, after receiving hearing evidence, that Mr.

Duncan intended to harm the officers either by grabbing Officer Denver's wrist

while he drove off dragging him, or when he aggressively drove into the police

vehicle during the high-speed chase. Under the circumstances presented, and

applying the applicable standard of review, we conclude the district court did not

err in applying §2A2.2 in determining Mr. Duncan's sentence.

B. Failure to Apply United States Sentencing Guideline §5K2.13

Section 5K2.13 allows "[a] sentence below the applicable guideline range"

if "(1) the defendant committed the offense while suffering from a significantly

reduced mental capacity; and (2) the significantly reduced mental capacity

contributed substantially to the commission of the offense." U.S.S.G. §5K.13.

However, this section does not apply in certain circumstances, including when the

"the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved *actual violence* or a serious threat of violence." *Id.* (emphasis added). We lack jurisdiction to review a sentencing court's refusal to apply §5K2.13 and depart downward from the guidelines, absent a clear misunderstanding by the court of its discretion to depart. *See United States v. Brown*, 316 F.3d 1151, 1154 (10th Cir. 2003); *United States v. Busekros*, 264 F.3d 1158, 1159 (10th Cir. 2001).

In this case, the district court found Mr. Duncan ineligible for a departure under §5K2.13, because his offense conduct involved "actual violence," including 1) speeding away which caused injuries to two officers, including one taken away in an ambulance, 2) operating a vehicle at speeds over 100 miles per hour during police pursuit to avoid arrest, and 3) crashing a car into a patrol car, which resulted in a rollover and injury to the passenger. In so holding, it is clear the district court was aware of its discretion to depart, but declined to do so given its determination Mr. Duncan was ineligible under §5K2.13 because his conduct resulted in "actual violence." Accordingly, we lack jurisdiction to review the court's decision not to depart downward. Moreover, we note Mr. Duncan's counsel's acknowledgment that current law prohibits a §5K2.13 departure under the circumstances of Mr. Duncan's case.

## III. Conclusion

After careful review of the record on appeal, we conclude no grounds for appeal exist. We thereby grant counsel's request to withdraw and **DISMISS** the appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge