**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL SOLOMON LEHI,

    Defendant - Appellant.

No. 11-1085
(D.C. No. 1:10-CR-00356-PAB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

---

Daniel Solomon Lehi appeals (1) his felony conviction for forcibly assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1), and (2) his thirty-three month prison sentence. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm Mr. Lehi's conviction and sentence.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

### A. Challenge to Conviction

#### 1. *Background*

Prior to the bench trial in this case, the parties stipulated to the salient facts about the subject assault, as set forth in Lieutenant Dale American Horse's "Officer's Case Report." *See* R., Doc. 30 at 2, ¶ 1(e) (Trial Stipulation); "Addendum" to Record on Appeal (filed May 17, 2011) (Officer's Case Report).[1] Lt. American Horse is a federal police officer employed by the Bureau of Indian Affairs. He was the only witness who testified at trial. *See* R., Doc. 46 at 6-26. His undisputed report and testimony proved the following.

On May 25, 2010, Lt. American Horse was dispatched to a residence in Tawaoc, Colorado, in response to a report about an intoxicated individual. Upon his arrival at the residence, Lt. American Horse was told by Beverly Cuthair Collins that her nephew, Mr. Lehi, was intoxicated and causing trouble inside her house, and that she wanted him removed from her house. Meeting resistance from Mr. Lehi at the door, Lt. American Horse forced his way into the house. After a short struggle, Lt. American Horse arrested and handcuffed Mr. Lehi. Although Mr. Lehi continued to resist Lt. American Horse's efforts to detain him, Lt. American Horse was eventually able to remove Mr. Lehi from the house and

---

[1]With the exception of the "Addendum" to Record on Appeal, documents from the district court record are cited herein by referring to the docket number and electronic pagination that is available on Pacer.

place him in his patrol car. Lt. American Horse testified that during the struggle to place Mr. Lehi in the patrol car, Mr. Lehi spit at his face, "and he had a big gob of spit that come right at my face and some of it got in my right eye. I could feel a lot of it get into my left eye. It started getting blurry." R., Doc. 46 at 12-14.

After hearing this testimony, the district court found that Mr. Lehi committed a forcible assault involving "physical contact" based solely on the spitting conduct. *Id.* at 45-47. As a result, the court convicted Mr. Lehi of felony assault on a federal law enforcement officer under 18 U.S.C. § 111(a). *Id.*, Doc. 60 (Judgment in a Criminal Case).

Mr. Lehi challenges his conviction, arguing that the district court erred in interpreting the "physical contact" element in § 111(a) to include spitting. We agree with the government that this challenge could be viewed as raising corollary sufficiency of the evidence issues. *See* Aplee. Br. at 12. But Mr. Lehi's primary argument is that the undisputed facts regarding his spitting did not establish the "physical contact" required to support a felony assault conviction under § 111(a). Although intertwined with sufficiency issues, the issue here is mainly a question of statutory interpretation, which we review de novo. *See United States v. Willis*, 476 F.3d 1121, 1124 (10th Cir. 2007).

## 2. *Statutory Interpretation*

We begin our analysis with the text of 18 U.S.C. § 111, as amended effective January 7, 2008.  That statute provides:

**(a)  In general.**--Whoever--

> **(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . .

> . . . .

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

**(b)  Enhanced penalty.**--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon  . . . or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111.[2]

---

[2]Prior to January 2008, the penalty provision in § 111(a) read as follows: "shall, where the acts in violation of this section constitute only *simple assault*, be fined under this title or imprisoned not more than one year, or both, and *in all other cases*, be fined under this title or imprisoned not more than 8 years, or both."  18 U.S.C. § 111(a) (emphasis added).  In *United States v. Hathaway*, we noted that, "because § 111 does not define 'simple assault,' ambiguity exists about what differentiates 'simple assault' from 'all other cases' assault." 318 F.3d 1001, 1007 (10th Cir. 2003).  We then proceeded "to differentiate the two types of assault under § 111(a)." *Id.*  In doing so, we held that "'simple assault' [includes] assault which does not involve actual physical contact," *id.* at 1008, while "'all other cases' assault . . . includes any assault that involves actual

(continued...)

The current version of § 111 thus creates three separate offenses:
(1) misdemeanor simple assault; (2) felony assault involving physical contact or
intent to commit another felony; and (3) felony assault involving a deadly or
dangerous weapon or bodily injury.[3]  The statute states "that the line between
misdemeanors and felonies is drawn at physical contact or acting with the intent
to commit another crime."  *United States v. Williams*, 602 F.3d 313, 317
(5th Cir.), *cert. denied*, 131 S. Ct. 597 (2010).  The statute therefore provides that
all forcible assaults against federal officers involving physical contact are felony
assaults under § 111(a).

Mr. Lehi acknowledges that he committed at least a misdemeanor simple
assault when he spit directly into the face and both eyes of a federal officer.  *See*
Aplt. Opening Br. at 8.  He claims, however, that his spitting was insufficient
"physical contact" to support a felony assault conviction under § 111(a).
Mr. Lehi's three arguments to support this position fall short.

---

[2](...continued)
physical contact," *id.* at 1008-9.  Although this holding is consistent with the
current version of § 111(a), Mr. Lehi is correct that we "had no occasion [in
*Hathaway*] to determine what level or amount of actual physical contact is needed
to sustain a felony conviction."  Aplt. Opening Br. at 9.

[3]Federal crimes that are punishable by imprisonment for one year or less
are classified as misdemeanors; crimes that are punishable by imprisonment for
more than one year are classified as felonies.  *See* 18 U.S.C. § 3559(a).

First, Mr. Lehi argues that "simple assaults" can include minimal physical contact without rising to the level of felony physical contact. He claims that "numerous cases illustrate that 'simple assault' properly encompasses both attempted and completed batteries, and thus can include conduct similar to that at issue here." *Id.* at 10. Mr. Lehi is correct that the term "simple assault" has been construed as including completed batteries. *See, e.g., United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (adopting common law definitions for the term "assault" to define the term "simple assault" as used in 18 U.S.C. § 113(a)(5), and noting that "[u]nder the common law, an assault is an attempted battery and proof of a battery will support conviction of an assault") (internal quotation marks omitted). But his argument fails under the current version of § 111(a), because its plain language clearly provides that simple assaults involving physical contact (*i.e.*, completed batteries) are felonies.

Second, Mr. Lehi relies on cases construing the term "simple assault" as that term is used in 18 U.S.C. § 113(a)(5), which covers assaults that occur within the maritime and territorial jurisdiction of the United States, to argue that "courts have . . . concluded that simple assault includes some intentional physical contact." Aplt. Opening Br. at 10 (citing cases). This argument ignores the critical differences between § 111 and § 113. The current version of § 111(a)(1) clearly states "that the line between misdemeanors and felonies is drawn at physical contact or acting with the intent to commit another crime." *Williams*,

-6-

602 F.3d at 317. Further, unlike § 111, § 113 contains no intermediate felony assault offense between misdemeanor simple assault and the next, more serious, felony assault offense requiring "serious bodily injury," § 113(a)(6). As a result, in federal maritime and territorial cases involving assaults based on less serious physical contact, the offense can be charged only as a misdemeanor simple assault under § 113(a)(5).

Third, Mr. Lehi argues that "the district court adopted a categorical interpretation that imposes a felony conviction whenever there is *any* physical contact, no matter how slight." Aplt. Opening Br. at 5-6. This argument misreads the district court's decision. The district court did not adopt a broad categorical rule. Instead, it noted that "spitting on another person has long been held to constitute a battery." R., Doc. 46 at 50. The court acknowledged that "[m]aybe under some circumstances there could be a defense based upon [de minimus] contact," but it "reject[ed] any type of argument that there is some type of [de minimus] physical contact that would apply to this [case]." *Id.* at 51. As the court explained, "here the evidence shows that Mr. Lehi very purposefully and intentionally spit into Lt. American Horse's face." *Id.*

We agree with the district court that spitting is not a de minimus form of physical contact for purposes of § 111(a). Spitting is an offensive touching amounting to a common law battery when the spit makes physical contact with the victim. *See Lewellyn*, 481 F.3d at 699 ("[I]ntentionally spitting in another

person's face easily falls within the scope of an offensive touching."); *United States v. Masel*, 563 F.2d 322, 324 (7th Cir. 1977) (concluding that spitting is an offensive touching because "[i]t is ancient doctrine that intentional spitting upon another person is battery"); *United States v. Frizzi*, 491 F.2d 1231, 1232 (1st Cir. 1974) (concluding that spitting is "a bodily contact intentionally highly offensive," and thus constitutes a "forcible assault, or more exactly, a battery").

In sum, it is undisputed that Mr. Lehi spit directly into the face and eyes of a federal officer who was engaged in his official duties. By doing so, Mr. Lehi committed a forcible assault involving physical contact in violation of 18 U.S.C. § 111(a).

## B. Challenge to Sentence

### 1. *Sentencing Background*

Mr. Lehi's Presentence Investigation Report (PSIR) reported that, at the time of the assault in this case, Mr. Lehi was on federal supervised release in District of Colorado Case No. 07-cr-00019-WDM-01. *See* R., Doc. 48 at 5. In that case, Mr. Lehi had pled guilty to three felony counts of assaulting a federal law enforcement officer. *Id.* at 22. His Sentencing Guideline range was 41 to 51 months, but the district court departed downward on the criminal history category and imposed a variant sentence of 36 months (concurrent on each count). *Id.* In October 2010, the district court revoked Mr. Lehi's second period of supervised release in Case No. 07-cr-00019 and sentenced him to eleven months'

-8-

imprisonment for two supervised release violations that were unrelated to the assault conviction in this case. *Id.* at 22-23. Mr. Lehi's PSIR in this case informed the district court that, "[p]ursuant to the policy statement at § 5G1.3(c), the Court may order the sentence [in this case] to run concurrently, partially concurrently, or consecutively to the undischarged term of imprisonment in Docket No. 07-cr-00019-WDM-01. Application Note 3(C) to § 5G1.3(c) recommends a consecutive sentence for offenses committed while on supervised release." *Id.* at 33.

On February 11, 2011, the district court held a sentencing hearing. After hearing argument, the court determined that a two-level enhancement for "bodily injury" was inapplicable because "the fact that Officer American Horse did get spit in his eye does not qualify as a significant injury for a bodily injury within the meaning of the guideline." *Id.*, Doc. 72 at 15-16. The court then calculated the advisory sentencing range as 27 to 33 months based on a total offense level of 11, which included a three-level enhancement under USSG § 2A2.4(b)(1) for an assault involving "physical contact," and a criminal history category of VI. *Id.* at 16, 18, 27.

After adopting the factual statements and Guideline applications in the PSIR "as the Court's findings of fact concerning sentencing," *id.* at 27, the district court sentenced Mr. Lehi to thirty-three months' imprisonment, to be served consecutively to the eleven-month sentence imposed in

Case No. 07-cr-00019, *id.* at 31.[4]  The court stated that, while the Guidelines are only advisory, it had nonetheless "taken them into account in determining what the appropriate sentence in this case should be."  *Id.* at 26.  The court also stated that it had "taken into consideration the statutory factors set forth at 18 U.S.C. 3553(a)."  *Id.*

The court then explained why it imposed the maximum sentence under the Guidelines:

> Obviously, as both sides clearly recognize, Mr. Lehi's criminal history is persistent and consistent.  As he has indicated, he started drinking when he was around 15 years old and that has really characterized all of the different problems that he has been getting into since he has been an adult.
>
> And one thing that's almost invariable with his criminal history is that he gets drunk, someone calls the police, and then he fights the police when he is being arrested.  And that's exactly what happened to Officer American Horse here too. . . .
>
> Moreover, when you look at Mr. Lehi's criminal history, he just doesn't seem to have ever learned anything from each of these many, many instances. . . .  [He] doesn't seem to have any ability to recognize the terrible rut that his abuse of alcohol has gotten him into and also the consequences that he is wreaking on the public by doing so.  I mean, drinking and driving, fighting with the police, all those things put the public at risk.
>
> . . . .

---

[4]The district court also sentenced Mr. Lehi to three years of supervised release, but we do not need to address that aspect of his sentence to resolve the issues in this appeal.

And, of course, this case is even more aggravated given the fact that he was on supervised release at the time that he committed this offense for assaulting a federal law enforcement officer in a case that was in front of Judge Miller. And in that case Judge Miller actually granted a downward departure. And as the probation officer points out in the Presentence Investigation Report, that leniency didn't seem to have any effect whatsoever on Mr. Lehi, so there is really no grounds at all to be lenient in a sentence of Mr. Lehi.

*Id.* at 27-29.

2. *Standard and Sequence of Review*

We review the district court's sentencing decision under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Our review proceeds in two steps. First, we must "ensure that the district court committed no significant procedural error, such as . . . failing to consider the [statutory sentencing] factors." *Id.* If the district court's decision is "procedurally sound," we move on to the second step and "consider the substantive reasonableness of the sentence imposed." *Id.* The substantive reasonableness inquiry "involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007); *see also United States v. Lente*, 647 F.3d 1021, 1030 (10th Cir. 2011) ("A substantive challenge concerns the reasonableness of the sentence's length and focuses on the district court's consideration of the § 3553(a) factors and the sufficiency of the justifications used to support the sentence").

-11-

### 3. *Procedural Reasonableness*

Although Mr. Lehi has styled his challenge to his sentence as a "substantive reasonableness" challenge, *see* Aplt. Opening Br. at 14-15, Mr. Lehi also complains that the district court "nowhere considered" one of the statutory sentencing factors under 18 U.S.C. § 3553(a), *id.* at 17. Because the latter argument is more properly analyzed as a procedural reasonableness challenge, *see Gall*, 552 U.S. at 51 (noting that a sentence is procedurally unreasonable if the district court "fail[s] to consider the § 3553(a) factors"), we will first address that alleged sentencing defect.

The § 3553(a) sentencing factor at issue is "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Mr. Lehi argues that the district court committed procedural error because it "nowhere considered the need to avoid unwarranted sentencing disparities between Mr. Lehi and other similarly-situated individuals." *Id.* at 17; *see also id.* at 6 ("The district court gave no consideration to sentence disparities among defendants with similar records who have been found guilty of similar conduct.").

Mr. Lehi never argued before the district court that his sentence was procedurally unreasonable because the district court failed to consider the disparity factor. Consequently, he has forfeited his claimed procedural error. We would normally review his procedural reasonableness challenge only for plain

error.  *See United States v. Vasquez-Alcarez*, 647 F.3d 973, 976 (10th Cir. 2011); *see also United States v. Poe*, 556 F.3d 1113, 1128 (10th Cir. 2009) ("When a party fails to object contemporaneously to the district court's sentencing procedure, we review procedural reasonableness challenges for plain error."). Under that standard, Mr. Lehi must show:  "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Vasquez-Alcarez*, 647 F.3d at 976 (internal quotation marks omitted).

If Mr. Lehi had not forfeited his argument, "we [would] follow the Supreme Court's instruction that 'the familiar abuse-of-discretion standard of review . . . applies to appellate review of sentencing decisions.'" *Id.* (quoting *Gall*, 552 U.S. at 46).  Mr. Lehi's procedural reasonableness challenge fails under either standard because we find no error or abuse of discretion related to the district court's failure to explicitly consider the disparity factor during the sentencing hearing.

We reach this conclusion for two reasons.  First, the district court stated at the sentencing hearing that it had "taken into consideration the statutory factors set forth at 18 U.S.C. 3553."  R., Doc. 72 at 26.  Second, the court imposed a sentence that fell within the sentencing range recommended by the Guidelines. "[W]e have generally held that when the district court adheres to the advisory Guidelines range, § 3553(c)(1) does not impose upon district courts a duty to

engage in . . . particularized analysis." *United States v. Mendoza*, 543 F.3d 1186, 1193 (10th Cir. 2008) (internal quotation marks omitted). Thus, "a specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir. 2007). We also emphasize that Mr. Lehi did not make a single argument or put forth any evidence concerning the disparity factor in the district court. *See United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008) (explaining that a district court need not explicitly discuss particular § 3553(a) factors left unraised by the parties at sentencing when a within-Guidelines sentence is imposed).

As the Supreme Court has explained, "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Gall*, 552 U.S. at 54. As a result, "[s]ince the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Id.*

4. *Substantive Reasonableness*

Mr. Lehi correctly notes that "'substantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the "totality of the circumstances."'" Aplt. Opening Br. at 14 (quoting *United States v. Sayad*, 589 F.3d 1110, 1118 (10th Cir. 2009)).

-14-

He argues that the district court imposed a substantively unreasonable sentence because it "unreasonably balanced" the disparity factor. *See* Aplt. Opening Br. at 15; *see also* Aplt. Reply Br. at 9 ("On the whole, the district court failed to place enough weight on the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of spitting on an officer or other similar conduct.").[5]

"Our review of the substantive reasonableness of a sentence is limited to determining whether the sentencing judge abused his discretion." *Verdin-Garcia*, 516 F.3d at 898. Mr. Lehi must show that the district court imposed a sentence that is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (internal quotation marks omitted).

Mr. Lehi's sentence is presumed to be substantively reasonable because it was within the Guidelines sentencing range. *See Verdin-Garcia*, 516 F.3d at 898. Thus, "the burden is on [Mr. Lehi] to rebut the presumption. That burden is a hefty one, because abuse-of-discretion is a deferential standard of review." *Id.* (footnote omitted). In addition, in reviewing the substantive reasonableness of a

---

[5]Although Mr. Lehi did not assert his substantive unreasonableness challenge in the district court, "[w]e have held that when the claim is merely that a sentence is unreasonably long, we do not require the defendant to object in order to preserve it." *Vasquez-Alcarez*, 647 F.3d at 976 (internal quotation marks omitted).

sentence, "[w]e may not examine the weight a district court assigns to various

§ 3553(a) factors," but must "give due deference to the district court's decision

that the § 3553(a) factors, on a whole, justify the [sentence]." *United States v.*

*Smart*, 518 F.3d 800, 808 (10th Cir. 2008) (internal citation marks omitted).

Mr. Lehi has failed to rebut the presumption that his sentence is

substantively reasonable. Although he argues that his "33 month sentence

substantially exceeded the sentences imposed on defendants who spit on other

persons, or committed sustained physical assaults against police officers," Aplt.

Opening Br. at 17, the four cases he relies on to support this proposition are

unpersuasive.

In *United States v. Lewellyn*, 481 F.3d at 695, the defendant was convicted

of misdemeanor simple assault under 18 U.S.C. § 113(a)(5). Consequently, the

sentence imposed for the spitting incident in that case is not comparable to the

sentence imposed for the felony conviction under 18 U.S.C. § 111(a) here.

Similarly, in *United States v. Turner*, 217 F. App'x 799, 800 (10th Cir. 2007)

(unpublished), the defendant "pled guilty to a misdemeanor violation of 18 U.S.C.

§ 111(a)," and "the applicable guidelines sentence was [only] 12 months."

The sentence imposed for assault in *United States v. Mejia-Canales*,

467 F.3d 1280 (10th Cir. 2006), may at first blush appear somewhat helpful for

Mr. Lehi. The defendant pled guilty to felony assault under § 111(a) based on

striking an officer twice with his fist, and was sentenced to twenty-four months,

-16-

*id.* at 1281-82, which appears to be more lenient than Mr. Lehi's sentence. But based on our opinion's reporting that Mr. Mejia-Canales's total offense level was thirteen and his sentence was the low end of the Guidelines range, *id.* at 1281, his criminal history category must have been IV, whereas Mr. Lehi's was VI. Mr. Mejia-Canales's sentence was deemed faulty for applying a two-level enhancement for "bodily injury" and was reversed and remanded for resentencing. *Id.* at 1285.

Lastly, in *United States v. Duncan*, 99 F. App'x 196, 198 (10th Cir. 2004) (unpublished), the defendant injured two federal officers while attempting to flee in his car after being placed under arrest. The defendant pled guilty to two felony counts of forcible assault and interference under § 111(a)(1) and (b), and he received a sentence of forty-six months. *Id.* at 197-98. In *Duncan*, the district court applied USSG § 2A2.2, the guideline for "Aggravated Assault," *id.*, while the district court here applied USSG § 2A2.4, the guideline for "Obstructing or Impeding Officers," *see* R., Doc. 48 at 6. Even if the sentence of forty-six months for the two assault and interference counts in *Duncan* appears to be more lenient than the sentence Mr. Lehi received, Mr. Lehi's high-end, thirty-three month sentence was clearly justified given his lengthy criminal history of similar alcohol-related offenses. *Id.* at 7-25.

Mr. Lehi's cases do not establish an abuse of discretion by the district court in weighing the disparity factor. Accordingly, he has failed to rebut the presumption that his within-Guideline sentence is substantively reasonable.

5. *Consecutive Versus Concurrent Sentence*

As a separate challenge, Mr. Lehi argues that his sentence is unreasonable because "the district court gave no consideration to its discretion to impose either concurrent or consecutive sentences, particularly given the cumulative effect of the high-end 33 month sentence for the present assault and the 11 month sentence for the supervised release revocation in [Case No. 07-cr-00019]." Aplt. Opening Br. at 6. Mr. Lehi never argued for a concurrent sentence in the district court. But even if we review this claim for an abuse of discretion, it fails both as a procedural and as a substantive challenge.

In terms of procedure, the district court adopted the PSIR at the sentencing hearing, *see* R., Doc. 72 at 27. The PSIR specifically informed the court that it could order Mr. Lehi's sentence "to run concurrently, partially concurrently, or consecutively." *Id.*, Doc. 48 at 33. The PSIR further informed the court that the Guidelines "recommend[] a consecutive sentence for offenses committed while on supervised release." *Id.* Consistent with the Guidelines, the government argued at sentencing for a consecutive sentence, emphasizing that "[t]he allegations that [Mr. Lehi] admitted in [Case No. 07-cr-00019] were unrelated to the incident in this case." *Id.*, Doc. 72 at 23. Given this record, we cannot conclude that the

-18-

district court abused its discretion by failing to consider whether to impose a consecutive or concurrent sentence.

With regard to substantive reasonableness, Mr. Lehi's two cases involve completely unrelated criminal activity, and we see no abuse of discretion by the district court in imposing a consecutive sentence for the assault in this case.

## C. Conclusion

The judgment of conviction and the sentence imposed by the district court are **AFFIRMED**.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge